## SUPREME COURT.

JULIUS T. ANDREWS agt. GEORGE V. SHAFFER, CHRISTINA SHAFFER and others.

The requirement of a *private examination,* apart from her husband, of a married woman, in order to render a conveyance by her valid, is confined by the Revised Statutes, to a "married woman *residing within this state.*" (1 R. S. 758, § 10.)

Where, in a foreclosure case, it does not appear where the wife of the mortgagor resided when she executed the mortgage, her *private examination,* on proving the execution of the mortgage, is unnecessary.

At all events, the validity of such an execution (without a private examination) is good under the laws of 1849, (*Sess. Laws* 1849, *Ch.* 375,) which declares that any married woman may convey and devise real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the *same manner,* and with the like effect, as if she were *unmarried,* &c.

*Cayuga Special Term, Nov.,* 1855.

THIS was an action to foreclose a mortgage, executed by the defendants George V. Shaffer and Christina Shaffer, his wife, dated January 29th, 1852, given to the defendant Martha Millard, and assigned by her to the plaintiff, who, with the defendant Samuel R. Millard, guarantied its payment. The mortgage was given to secure a portion of the purchase price of the mortgaged premises, which consisted of a tract of eighty-eight acres of land in the town of Waterloo, Seneca county, and which, on the same day, had been conveyed by said Martha Millard to the said Christina Shaffer.

The complaint showed that the mortgage was executed by the defendants George V. and Christina Shaffer, in presence of Samuel R. Millard, who thereupon subscribed the same as a witness, and the mortgage was delivered to him as the agent of said Martha Millard. The execution of the mortgage by both mortgagors was afterwards proved by the subscribing witness before a justice of the peace, and recorded in the office of the clerk of Seneca county. Its execution by the defendant Christina Shaffer was not acknowledged in pursuance of § 10 of Chap. 3 of Part II. of the Revised Statutes. (1 R. S. 758.)

The complaint contained the usual prayer for judgment of foreclosure and sale, and that the defendant Christina Shaffer be required to acknowledge the execution of the mortgage before a proper officer, upon a private examination apart from her husband, to have been done freely, and without any fear or compulsion of her husband.

The defendant Christina Shaffer demurred to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action.

> DAVID WRIGHT, *for defendant Christina Shaffer.*
> E. PESHINE SMITH, *for plaintiff.*

WELLES, Justice. I am of the opinion that the plaintiff is entitled to judgment on the demurrer, for the following reasons:—

1st. It does not appear that Christina Shaffer, at the time she executed the mortgage, was residing in this state. The requirement of a private examination, apart from her husband, of a married woman, in order to render a conveyance by her valid, is confined by the Revised Statutes to a "married woman *residing within this state.*" (1 R. S. 758, § 10.) "Every person capable of holding lands, (except idiots, persons of unsound mind and infants,) seized of, or entitled to, any estate or interest in lands, may alien any such estate or interest at his pleasure, with the effect, and subject to the restrictions and regulations provided by law." (*Id.* 719, § 10.) This section embraces all persons, except idiots, persons of unsound mind, and in-

fants—as well married women as others. To bring the case within the restriction provided in § 10, on page 758, the fact should appear that Christina resided in this state at the time she executed the mortgage in question, as it is only in that case that a private examination is necessary.

2d. If any doubt exists as to whether it must appear where the married woman resides at the time she executes a conveyance, in order to bring the case within the section last cited, there can be none, I think, of the validity of Mrs. Shaffer's mortgage in this case, under chapter 375 of the Session Laws of 1849, which declares that any married woman may convey and devise real and personal property, and any interest and estate therein, and the rents, issues and profits thereof, in the same manner, and with like effect, as if she were unmarried, &c. (*Laws of* 1849, *p.* 528; *Blood* agt. *Humphrey*, 17 *Barb. S. C. R.* 660.) The conveyance by Christina Shaffer was, therefore, good and valid, certainly against her, and she is the only party objecting.

It is not important to consider, whether, under the act of 1849, any different form of acknowledgment is required from a married woman than from any other person. It is sufficient for all the purposes of this case, that she may convey in the same manner, and with the like effect, as if she were unmarried.

It is not necessary to consider the other objections taken by the demurrer to the complaint. That the prayer of the complaint is too broad, or embraces too much, is not among the causes for which a defendant may demur. (*Code,* § 144.) What judgment the plaintiff may be entitled to, will be an after consideration. Nor is surplusage in a complaint a ground of demurrer.

The plaintiff must have judgment on the demurrer, with leave to the defendant Christina Shaffer to answer, on payment of costs.