*258
 
 Johnson, J.
 

 The first question presented by the appellants is whether Vincent Bidwell should have been sworn for the plaintiffs. It depends upon the construction of section three hundred and ninety-nine of the Code of Procedure. He was an assignor of a thing in action or contract within the meaning of that section, and was offered as a witness and examined on behalf of persons deriving title through or from him, but he was not examined against an assignee or an executor or administrator. It is only in case the party against whom such a witness is to be examined is either assignee, executor or administrator, that ten days’ notice of the intended examination must be given. This was held in
 
 Vassear
 
 v.
 
 Livingston
 
 (3
 
 Kern.,
 
 248). The question whether Crooker was not a necessary party cannot now be raised by the defendants. Under the Code, if such an objection appears on the face of the complaint, it must be raised by demurrer, or if it does not so appear it must be presented by the answer, or it is deemed to be waived. (
 
 Code, <)%
 
 144, 147, 148.)
 

 That the contract of insurance agreed to be made by the defendants was such in its terms as the plaintiffs have alleged in their complaint, has been found by the judge and is conclusive upon us. The fact on which the appellants rely, that the policy actually made out was in the plaintiffs’ hands for a considerable time, and until after the loss had occurred, was a circumstance to be weighed by the judge as bearing upon the truth of the plaintiffs’ allegation that the policy did not pursue the contract. It has undoubtedly been considered by the judge, and his judgment has been given, notwithstanding that circumstance, in favor of the plaintiffs. There is no rule of law which fixes the period within which a man may discover that a writing does not express the contract which he supposed it to contain, and which bars him of relief for delay in asserting his rights, short of the period fixed by the statute of limitations.
 
 (Phoenix Ins. Co.
 
 v.
 
 Gurnee, 1 Paige,
 
 278.)
 

 
 *259
 
 There was nothing in the objection that the court should have stopped with reforming the policy, and turned the plaintiffs over to a new action to recover their damages. The rule of courts of equity was, when they had acquired jurisdiction, and had the whole merits before them, to proceed and do complete justice between the parties.
 
 (Perkins
 
 v.
 
 Washington Ins. Co.,
 
 4
 
 Cow.,
 
 645.) No question appears to have been made in the Superior Court as to its jurisdiction. The statute creating it declares that its jurisdiction shall be in all cases presumed.
 
 (Laws of
 
 1854,
 
 222,
 
 § 1.) Under the tenth section of the same act, if this be an action on a contract, and the contract was made in Buffalo, or if the corporation had an agency established for the transaction of business in that city, then jurisdiction did, in fact, exist. As no question was made upon that point at the trial, and jurisdiction was legally possible, it must now be assumed to have existed.
 

 The judgment should be affirmed.
 

 All the judges concurring,
 

 Judgment affirmed.