## TOWLE *a*. JONES.

*New York Superior Court; General Term, June*, 1863.

PLEADING.—RELIEF LIMITED BY COMPLAINT.

Where an action is brought to obtain legal relief only, that relief being the recovery of money only, and the plaintiff upon the trial fails to establish a right to recover any thing upon legal grounds, the court cannot grant any equitable relief; for such relief cannot be deemed to be consistent with the case made by the complaint.

Thus, where vendors of real property sued the purchaser for breach of his contract to take the title, claiming to recover, not the amount of the purchase-money, but merely their damages by reason of his alleged failure to perform, and upon the trial before a justice of the court, a jury being waived, the plaintiffs failed to make out a right to recover any damages ;—*Held*, that the court could not grant a judgment for specific performance in their favor, although upon the evidence they might have maintained an action for such relief. (ROBERTSON, J., dissented.)

This was an appeal from a judgment, entered in favor of the defendant, on a trial on the 10th to the 17th of January, 1862, before Mr. Justice MONELL, a jury having been waived by consent of the parties.

This action was brought by James F. Towle and Charles F. Rover, to recover damages from the defendant for the non-performance of a contract for the purchase of the unexpired term in certain leasehold premises, in the city of New York. The contract was in two parts, one signed by the plaintiffs, and the other by the defendant.

, The contract signed by the defendant, which was substan
tially the same 'as that signed by the plaintiffs, was as fol
lows:

NEW YORK, September 15, 1860.

This is, to certify, that I, David Jones, have this day pur-
chased of Towle and Rover, the lease and improvements on lot
No. 202 Sixth-street, known and occupied by them as a stable
and carriage repository, *free and clear of all encumbrances*, for
seventy-five hundred dollars, twenty-five dollars of which the
receipt I hereby acknowledge.

DAVID JONES.

The plaintiffs averred and proved that, on the 26th day of
March, 1861, they tendered to the defendant an assignment of
the lease of the premises, which he declined to accept.   The
nature of the demand for relief is stated in the opinion of the
Chief-justice.

The defendant in his answer insisted, as a defence, that the
plaintiffs had not a good and valid title to the premises; and
that the same were not free and clear of encumbrances, but
were encumbered by judgments and assessments.

The justice before whom the cause was tried, found, among
other things, that the plaintiffs' title was subject to encum-
brances, which by their contract they were bound to remove;
and that not having done so after notice, the defendant had a
right to rescind the contract, and had rescinded it; and he
ordered judgment for the defendant for his costs.   He refused
to find, as requested by the plaintiff's counsel, that the defend-
ant had a right to retain out of the purchase-money sufficient
to pay off the encumbrances.

The plaintiff excepted to his decision, and appealed from the
judgment entered thereon.

*C. H. Tracy*, for the plaintiffs, appellants.—I. The special
term erred in respect to there being encumbrances.

II. The several liens on the premises for the payment of
sums of money, being much less than the consideration money
of the sale, were no valid objection to the assignment of the
lease; the vendor being entitled to accept the property, and

then to withhold or apply from the purchase-money the necessary sums to pay off such liens. (*Dart on Vendors*, 281–283, 381; Fagen *a.* Davison, 2 *Duer*, 153; Holmes *a.* Holmes, 5 *Seld.*, 525.)

III. The defendant having never applied for a conveyance, he has never put the plaintiffs in default. He cannot now object that there was any defect in the title, which defect has been supplied since the commencement of the suit. (3 *Starkie's Evidence*, 1610, " *Vendor and Vendee ;*" Todd *a.* Hoggart, 1 *Moody & Malkin*, 128; Thomson *a.* Miles, 1 *Espinasse's Cases*, 184.)

IV. There was no valid or effectual rescission of the contract by the defendant.

V. The plaintiffs have a clear and meritorious cause of action.

The bargain was made in the simplest form. The arrangement about possession and occupation was in conformity with the contract, and suited to the mutual convenience of the parties. The defendant thus had use of the premises for several months; the plaintiffs sacrificed their business to prepare to give up full possession; and when the market value of the lease fell off, the defendant sought to escape from the bargain upon the pretence of a trifling encumbrance, which he could at once discharge out the purchase-money.

*P. G. Clark*, for the defendant, respondent.—I. Assuming that the contract of sale was valid and binding upon the respective parties, no time being fixed for its performance, each party was bound to perform within a reasonable time. (Atwood *a.* Cobb, 16 *Pickering's Rep.*, 227; *Chitty on Contract*, 625, and cases cited.)

II. The plaintiffs did not perform, or offer to perform, within a reasonable time, and the defendant was justified in refusing the assignment, and the plaintiffs are not entitled to recover.

What is a reasonable time is a question of fact. (*Story on Contract*, 1 ed., 405, § 665.)

III. At the time of the making of the contract, and at the time defendant gave notice that he should decline completing the purchase, there were encumbrances.

IV. By the terms of the contract, the plaintiffs were to transfer the term free and clear of all encumbrances.

V. To entitle the plaintiffs to recover, they were bound to prove that they could, within a reasonable time after the making of the contract, transfer a good title to the premises, that they offered to do so, and at the time of the offer the premises were free and clear of all encumbrances.

They failed in every particular, and the judgment in favoi of the defendant should be affirmed. (Morange *a*. Morris, 34 *Barb.*, 311.)

By the Court.*—Bosworth, Ch. J.—Unless in an action for the recovery of money only, brought upon a contract to purchase and take a conveyance of real estate, and brought to recover damages specially stated in the complaint, but not to recover any part of the purchase-money, a plaintiff may have a judgment for specific performance, although he fails to establish a right to recover any part of the moneys for which judgment is prayed ; the judgment appealed from in this case must be affirmed.

The Code provides that certain actions shall be tried by a jury, and that all other actions are triable by the court. (§§ 253 and 254.) Those now required to be tried by a jury, were formerly known as actions at law ; and those triable by the court, as equity suits.

Section 253 declares that an issue of fact in an action for the recovery of money only, . . . must be tried by a jury, &c. What is the test, by which it is to be determined whether an action is for the recovery of money only ?

When the action arises on contract, and is for the recovery of money only, the summons must state that the plaintiff will take judgment for a sum specified therein. The summons in this case states that judgment will be taken for a sum named therein. The complaint states a contract between the parties by which the plaintiffs were to sell, and the defendant to purchase, an unencumbered leasehold property for the sum of $7,500; payment of $25 of the purchase-money; that defendant took possession ; a tender of an assignment of the lease, and defendant's refusal to accept it or to perform the agreement on

---

* Present, Bosworth, Ch. J., Robertson and Barbour, JJ.

Towle *a.* Jones.

his part; a sale of other property by the plaintiffs, in consequence of the making of this contract, at a loss of $300, and of still other property at a loss of $500; a loss of the use of other property to the amount of $200; and, generally, that the plaintiffs "sustained damages in consequence of the said defendant refusing to perform his said contract, to the sum of $5,000 over and above the use and occupation of the building," alleged to be worth $150. Wherefore the plaintiffs "demand judgment against the defendant for the sum of $5,150 damages, besides the costs and disbursements of the action."

The Code (§ 142) requires that a complaint contain "a demand of the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated."

The summons shows the action to be one on contract, and for the recovery of money only. The complaint states a cause of action arising on contract, and demands no relief, except the recovery of money. The sum demanded is only $5,150, while the amount of purchase-money remaining unpaid is $7,475. Of the $5,150 claimed, $150 is for the use by the defendant of the leasehold premises.

If, therefore, the plaintiffs could recover for such causes of damages as they specify, a recovery for them only would leave them without a verdict for any part of the purchase-money; and payment by the defendant of the sum recovered would not confer on him any right to an assignment of the lease; for the reason that it would not include any part of the purchase-money. And it was evidently the view and intent of the pleader who drew the complaint, that the recovery of damages, of the nature and on the grounds therein stated, would leave the plaintiffs the owners of the lease, and freed from obligation to transfer it to the defendant.

This view and intent are manifest from the fact that there is no prayer for judgment for the unpaid purchase-money. Judgment is prayed for $5,150; and the claims composing that sum do not include any part of the purchase-money; the part of it unpaid being $7,450, or $2,300 more than the amount sought to be recovered. The allegations of the complaint, therefore, not only do not attempt to make a case for the recovery of the purchase-money, but it could not be recovered,

even if the allegations of the complaint made a case for it, without amending the summons and prayer for relief, in respect to the sum demanded. These plaintiffs no more seek, on the case made, a recovery of the purchase-money, than would a vendor of personal property deliverable at a future day, who should sue, alleging a breach of the purchaser's contract in his refusal to take and pay, and claim as damages the difference between the contract price and the market value, on the day the contract should have been performed.

The action was noticed for trial as a jury cause, and was tried by the court only because a jury trial was waived. Had it been tried by a jury, the verdict, if for the plaintiffs, would have been for money only, and for such sum as upon the evidence and under the law, as charged by the court, the jury thought the damages amounted to. The jury have in such a case an absolute right to render a general verdict, though they may be required to "find upon particular questions of fact to be stated in writing." (*Code*, § 261.) The clerk must enter judgment in conformity with the verdict (§ 264), unless the case be reserved for argument or further consideration.

The only relief the defendant can have, if the verdict be against him, is a new trial, if there were errors in the trial; if he has no right to a new trial, judgment follows upon the verdict and in conformity with it, as a matter of course. (§§ 264, 265.) It is, of course, conceded, that if the defendant alleged and proved facts, entitling himself to relief on equitable principles against the plaintiffs' strictly legal rights, it would be granted to him, in the judgment to be rendered. But this fact does not aid a solution of the question, what is the case made by the complaint? and what is the extent of the relief grantable to the plaintiffs thereupon?

In this action, if the plaintiffs recover $50 or more, they recover costs as a matter of course (§ 304, subd. 4), and if they fail to recover any thing, the defendant recovers costs (§ 305); whereas, if it could be treated as an action in which equitable relief might be given, the costs of it would be in the discretion of the court. (§ 306.)

A plaintiff on a given state of facts may not be able to recover at law (or as legal relief to which he is entitled), either the purchase-money, or any damages for a refusal to take a

deed, and yet may have a right to a decree for a specific per-
formance. If he had not the title when the action was brought,
or if the contract was void by the Statute of Frauds, he could
not at law recover the purchase-money, even though there
was part performance of the contract; while in case of part
performance, if he could make a good title at the trial, he
might have a decree for a specific performance. (3 *Rev.
Stat.*, 5 ed., 221, § 10; Lowry *a.* Tew, 3 *Barb. Ch.*, 407; 4
*Comst.*, 403.)

The plaintiffs having made a case for the recovery of legal
relief only, and having brought their action to obtain legal
relief only—viz., to recover money only—and having failed to
establish a right to any part of the relief prayed, they are not
at liberty to say, on an appeal from the judgment, that the facts
found entitle them to equitable relief, and that the judgment
should be reversed, because equitable relief was not granted.
(Cole *a.* Reynolds, 18 *N. Y.*, 74; Wood *a.* Wood, 26 *Barb.*,
356; Stevenson *a.* Buxton, 8 *Abbotts' Pr.*, 414; N. Y. Ice Co.
*a.* Northwestern Ins. Co., 23 *N. Y.*, 357, 360.)

No case has been cited, and none has fallen under my obser-
vation, where, in an action on contract brought to recover
money only, and where the plaintiff failed to establish a right
to recover any thing on legal grounds, equitable relief has been
granted to him upon the trial.

Section 275 does not aid the plaintiffs. Where an action is
brought to obtain legal relief only, and that relief is a recovery
of money only, the granting of equitable relief is not consistent
with the case made by the complaint.

To enable the court to grant equitable relief, and in order
that the granting of it may be consistent with the case made
by the complaint, the action must be brought to obtain such
relief, wholly or in part; and whether it is so brought must be
determined by the tests provided by the Code.

In a suit brought to obtain equitable as well as legal relief,
it is consistent with the case made by the complaint to grant
legal relief, though equitable relief be denied, where enough
of the allegations contained in the complaint and embraced
within the issue, to entitle the plaintiff to legal relief, are estab-
lished at the trial. (Marquat *a.* Marquat, 2 *Kern.*, 336; Bidwell
*a.* The Astor Mut. Ins. Co., 16 *N. Y.*, 263; The N. Y. Ice Co.

*a*. The Northwestern Ins. Co., 23 *N. Y.*, 357; See *a*. Partridge, 2 *Duer*, 463.)

Actions to obtain legal relief only, and actions to obtain equitable relief, or both equitable and legal relief, are contradistinguished throughout the Code. The summons may be, and in some cases must be different; the former must be tried by a jury; and without some special order, the latter cannot be tried by a jury. In the former, the recovery of costs by the prevailing party is a matter of strict right; in the latter, the court may impose them upon either party, as it deems justice requires.

The present case, viewed in the light of every test contained in the Code, is an action for the recovery of money only, or for legal relief only; on the facts found, no action at law would lie, and the plaintiff would not be entitled to recover any thing.

The premises were encumbered when this suit was brought, and continued to be at the time of the trial. The defendant, by the contract, was to have "the lease and improvements, free and clear of all encumbrances;" the plaintiffs never tendered such a title, and whatever title they had was subject to encumbrances. If the cause had been tried before a jury, it would have been the duty of the court to nonsuit the plaintiffs.

The judgment should be affirmed.

BARBOUR, J., concurred in this opinion.

ROBERTSON, J. (dissenting).—The first question which this case presents, is whether the evidence on the trial would establish the right of the plaintiffs to recover in some form of action, or by some course of proceeding. The next is, whether, if it does, they have by any act or omission, or proceeding of theirs in this action, precluded themselves from obtaining any relief in it. That depends for its solution again on another point; whether the failure of the plaintiffs to establish a cause of action at common law, by proof of a written contract, and the tender of a proper conveyance of a good title at the time required by such contract, deprives them of all redress in this action, although they may have proved an oral contract, of

Towle *a.* Jones.

which time was not of the essence, and acts of performance sufficient to take it out of the Statute of Frauds—in other words, have shown a cause of action recognizable formerly in equity alone. (Baldwin *a.* Palmer, 10 *N. Y.*, 232.)

The learned judge before whom the issues in this action were tried, has found that the contract was in writing. The only evidence to sustain that finding is the instrument of September, 1860. That instrument does not in terms define with sufficient certainty the subject-matter, to entitle it to be enforced. "The" lease is no more definite than "a" lease. Extrinsic evidence must be had recourse to, in order to explain it. The mere fact that the plaintiffs had a lease, does not establish it to have been what they meant to assign (Price *a.* Griffith, 1 *De G., M. & G.*, 80 ; Stewart *a.* Alliston, 1 *Merivale*, 26, 33 ; Kennedy *a.* Lee, 3 *Ib.*, 441, 451) ; and parole evidence is inadmissible to explain the intentions of the parties. If the subject-matter had been properly described, it would have operated as a conveyance *in presenti*, there being no provision for a future one, or any contingency to occur to give it effect. (Jackson *a.* Myers, 3 *J. R.*, 388 ; The Same *a.* Clark, 3 *Ib.*, 424 ; Ives *a.* Ives, 13 *Ib.*, 235 ; Jackson *a.* Moncrief, 5 *Wend.*, 26.) A sealed instrument was unnecessary. (De Fonclear *a.* Shottenkirk, 3 *J. R.*, 170 ; Holliday *a.* Marshall, 7 *J. R.*, 211.) The word *agree* does not interfere with this (Emery *a.* Hitchcock, 12 *Wend.*, 156), even in the past tense. (Jackson *a.* Fish, 10 *J. R.*, 456.) It must, therefore, be assumed, in order to test the plaintiffs' right to any relief, that in this case there was no written contract established ; but there was evidence of an oral one partly performed, so as to furnish the plaintiffs with an equitable cause of action. (Sutherland *a.* Briggs, 1 *Hare*, 26 ; E. India Co. *a.* Nuthumbadoo Mooddelly, 7 *Moo., P. C. C.*, 482, 497 ; Lane *a.* Newdigate, 10 *Ves.*, 192.) So far as the recovery of the purchase-money of the contract is concerned, the plaintiffs are only entitled to it, in this action, in case they have not debarred themselves from it by their pleadings and proceedings therein.

The complaint alleges the making of the contract for the sale and purchase of a lease and buildings at a certain price, and the tender of an assignment of such lease more than six months after the making of such contract. If a sale, without fixing any time for its consummation, implies in law a conveyance at

a reasonable time, as it probably does (Thomas a. Dickinson, 12 N. Y. (2 *Kern.*), 364), the period, at the end of which such tender was made, was not, *in law*, unreasonable. The complaint contains, therefore, facts showing a good equitable cause of action to recover the purchase-money (Clifford a. Turrell, 1 *Yo. & Col.* (*Ch. C.*), 138, 150 ; Walker a. Eastern Counties R. R. Co., 6 *Hare*, 594 ; Kenny a. Wexham, 6 *Mad.*, 355). Be-. sides these, it alleges that in consequence of such contract being made, they sold certain horses, carriages, and harness at a loss of certain sums, and retained certain others unemployed, at the loss of a certain other sum, amounting in all to a thousand dollars ; but it does not aver that these damages were inflicted by any refusal to perform the contract, nor does it in any way connect such damages with the making of the contract, of which they were certainly not the necessary consequence. It does not claim such losses as part of the damages resulting from all the facts stated in the complaint, and does not ask to recover for them. The complaint, however, also alleges that the plaintiffs sustained damages, by the defendant's refusing to perform the contract, to the sum of five thousand dollars, over and above the value of the use and occupation of the building by the defendant. The plaintiffs claim to recover, also, a certain sum for such use and occupation. The demand for relief asks for judgment for that sum, added to the five thousand dollars. It is very clear that the plaintiffs could not recover the value of such use and occupation, in addition to the purchase-money, except during the time within which they were not bound to deliver a conveyance. The action for use and occupation would necessarily be one at common law ; but this would not prevent its being joined with one of an equitable kind (§ 167).

The defendant, having answered, has entitled the plaintiffs to obtain any relief consistent with the case made by the complaint, and embraced within the issue. (*Code*, § 275.) The objection of the unsuitableness of the relief asked in the complaint to the case made, cannot be taken even by demurrer (Andrews a. Shaffer, 12 *How. Pr.*, 443) ; and, therefore, after answer, it has been held that the demand for relief becomes immaterial (Marquat a. Marquat, 12 *N. Y.*, 341) ; and although that was said in an action for an equitable cause, I am at a loss to

understand any reason for a distinction in principle, if it had been purely legal.

In order, therefore, to deprive the plaintiffs of their right to recover the purchase-money of the contract in question, if it be only an oral one, and, taken out of the Statute of Frauds by part performance, time be not part of its essence, and they are able to convey a good title, and their case, therefore, an equitable case, one of two legal principles must prevail: either that the Code recognizes a distinction between causes of action formerly cognizable only in a court of law, and those redressed in a court of equity, or between the natures of the remedies sought in either case; and establishes some mode of determining which kind of suit the particular action has become, by either the pleadings or proceedings in it; or else that it provides some means for determining in what actions money alone is sought to be recovered, and in what other relief, and prevents a party, after he has commenced his action, from ever changing the remedy he requests.

The Code not only declares, in its preamble, the expediency of abolishing existing forms of actions and pleadings in cases at common law, discontinuing the distinction between legal and equitable remedies, and establishing a uniform course of proceeding in all cases, but it obliterates all the landmarks, and confuses all the boundaries between legal and equitable causes of action, modes of proceeding, and relief. The sturdiest stickler for those nice distinctions must yield to the judgment of the court of highest resort, in the case of The N. Y. Ice Co. *a*. The Northwestern Ins. Co. (23 *N. Y.*, 360), in which Justice Comstock, who had doubted the constitutional power of the Legislature to abrogate such distinctions, in the prior case of Reubens *a*. Joel (13 *N. Y.*, 488), felt bound to yield to the authority of Phillips *a*. Gorham (17 *N. Y.*, 270). He then states, emphatically, that doubts as to the power of the Legislature to make such change, or their intention to do so in the Code, must be set at rest. The constitution had already required the testimony in both kinds of cases to be taken in the same mode. (Art. VI., Sec. 10.) The Code (§ 69) expressly abolishes the distinction between actions at law and suits in equity, and all existing forms of action therein, and makes all actions substantially the prosecution of proceedings to obtain

a remedy or a protection by judgment (§ 2 ; People *a.* County Judge of Rensselaer, 13 *How. Pr.*, 400). After abolishing all previous forms of pleading, it restricts such forms, as well as the rules for determining the sufficiency of pleadings, to those which it prescribes (§ 140). It requires the complaint to contain only a statement of facts constituting a cause of action, in addition to the title of the cause, and a demand for relief (§ 142). It permits but a certain number of objections to the complaint, none of which are that the action is equitable, when it should have been legal, or *vice versa* (§ 144). On the trial, no objection can be taken to the complaint, except to the want of jurisdiction of the court, or the insufficiency of the facts stated in it to constitute a cause of action generally (§147), and not that it has stated such a cause of action as was legal, when it ought to have been equitable, or *vice versa*, or that the plaintiff has confined himself to either kind of relief. After answer, any relief may be given consistent with the case made by the complaint (§ 275). Trials by jury are given in all actions for the recovery of money, or specific real or personal property, notwithstanding they might formerly have been equity cases (§ 253). Summons, by which actions are commenced, are divided into two classes : one where only the recovery of money on a contract is sought, and the other embracing all other kinds of relief (§ 129), although courts of law formerly afforded specific relief, as in cases of replevin, ejectment, nuisance, and the like ; and courts of equity decreed the payment of money due on contracts,—among others, in suits for specific performance. by vendors. The object of such division was simply to enable the plaintiff to obtain judgment for the amount claimed, if not opposed, without the necessity of any action by the court (*Code*, § 246, subd. 1), and perhaps to obtain the benefit of a trial by jury (§ 253). Although I apprehend the court may refuse to allow that mode of trial, if it can see from the face of the complaint that the plaintiff, although entitled to some relief, is not entitled to recover a sum of money.

In Wood *a.* Wood (26 *Barb.*, 360), where specific relief was awarded, although a judgment for money was demanded; and in Cole *a.* Reynolds (18 *N. Y.*, 74), where an accounting was ordered, and judgment given for the balance to be found due, although the action was brought for the balance due on

an account stated, the utter ignoring by the Code of all distinctions between legal and equitable causes of action is well and forcibly put. Besides, a demand for legal and equitable relief in the alternative has been sustained (Young a. Edwards, 11 *How. Pr.*, 202), and relief in the alternative given (Stevenson a. Buxton, 8 *Abbotts' Pr.*, 414). A judgment for damages has been given when a contract could not be specifically performed (Pitt a. Davison, 12 *Abbotts' Pr.*, 385), or the plaintiff has failed in proving a case for it, although he attempted it. (Greason a. Keteltas, 17 *N. Y.*, 491.) Equitable relief asked for has been denied, and legal relief given (See a. Partridge, 2 *Duer*, 463); and both may be given to take effect in succession. (Marquat a. Marquat, *ubi sup.* ; Bidwell a. Astor Mutual Ins. Co., 16 *N. Y.*, 263.) These cases illustrate the extent of the disregard by the Code of the legal or equitable nature of the cause of action.

The plaintiffs in this case were, therefore, not excluded from all relief by any distinction maintained in the Code corresponding to that formerly kept up between causes of action available only in a court of law and those cognizable in a court of equity, and by having so impressed on their case the features of those of the former kind as to deprive them of relief in case it turned out to be one of the latter. This, however, does not relieve us from the necessity of determining whether some part of that distinction may not still be retained or a new one created by the Code, depriving them of relief in the mode in which they have sought it, although manifesting a case entitling them generally to relief.

The form of the summons prescribed in the Code makes a distinction between cases for the recovery of money only and those where other relief is sought (*Code*, § 129); and in the former the plaintiff may take judgment in case the complaint is unanswered, for the amount mentioned in it (§ 246), thus requiring the complaint to state the amount claimed. In all actions for the recovery of money, a jury trial is a matter of right (§ 253), and amendments to pleadings are limited to those consistent with the case in the complaint (§ 275.) Possibly these provisions may deprive the plaintiffs, where they have given notice in their summons that the relief sought by them is the recovery and payment of money, and demanded such relief in

their complaint, of the right of so amending their pleadings as to change their case, so far as to the relief sought, as to deprive the defendant of the right of trial by jury. If so, it will be necessary to examine how far such inviolable right of trial by jury has deprived the plaintiffs of a right to equitable relief by decreeing the payment of the purchase-money to them when they have only established a conditional right to the purchase-money on making a good title and conveying it to the defendants. The only difference between the judgment of a court of law for the purchase-money of land, and the decree of a court of equity for the same, always was, that the latter permitted and required the vendor to make a good title before he was entitled to such money. In the former case, the vendee, upon paying the purchase-money on the judgment, was left to his remedy of filing a bill for specific performance. (Richards a. Edick, 17 *Barb.*, 260; 4 *T. R.*, 781; 5 *Ib.*, 366.) I find it, therefore, impossible to conceive how the clogging of the plaintiff's demand for relief, with any of the conditions imposed by a court of equity, can make the action at all the less one for the recovery of money and one requiring a jury trial. Such conditions are for the vendee's benefit, and should be claimed by him. There is nothing which calls for the plaintiffs' offering to do such acts; they are imposed by the court as conditions of granting relief.

There is no room to infer that the Code must intend by some provision to prevent a vendor of land, when plaintiff, from recovering the purchase-money of it in case of a sale, if his contract is oral and partly performed, in case he simply demands the money due him, without offering to perform all the conditions usually exacted in a court of equity, merely because, in an action for money, it requires a jury trial. It would not follow that the plaintiff must keep both the money recovered and the land, because no condition is imposed on him in the same action in favor of the defendant. There is nothing to prevent the latter from commencing an action for the recovery of the land as soon as he has paid its purchase-money, whether voluntarily or by coercion of a judgment. (Richards a. Edick, 17 *Barb.*, 260; 4 *T. R.*, 781; 5 *Ib.*, 386). It would not be very harsh to put actions at law where the contract was in writing, and suits in equity where it was not, on the same footing. And

that would be the case if courts could do nothing else, upon a verdict assessing the plaintiff's damages at the amount of the purchase-money, than award an unconditional judgment for it. But I apprehend the Code will be found to have made ample provision for such a case, and to have enabled the court still to give equitable relief, notwithstanding a trial by, and verdict of, a jury upon the issues of fact in a cause. It would be absurd to suppose they could not in an action for divorce, the issues in which are expressly required to be tried by a jury (§ 253.) It is hardly less so in actions for specific real or personal property, when deeds or other instruments are to be executed, which actions are also required to be so tried. (*Ib.*) It remains to be seen whether, when money is sought to be recovered, the court cannot impose equitable conditions. The argument in favor of such consequence appears to be based solely on two provisions of the Code; one requiring a jury to assess the amount of the recovery (§ 263), and the other requiring the clerk to enter judgment in conformity with the verdict (§ 264). The latter is, perhaps, not a very lucid expression; but it evidently means such judgment as the verdict warrants, thus assimilating the proceedings on a trial by jury with those by the court, in which latter case the findings of fact and conclusions of law are required to be separately stated. (*Code*, §§ 267, 268, subd. 2.) There are cases in which the judgment is provided by the statute, which do not require the exertion of much judicial knowledge. Thus, in case of a set-off, the defendant is entitled to judgment for the excess of his claim beyond the plaintiff's (§ 263); and in an action for the delivery of personal property, the judgment is also prescribed (§ 277). But even in case of a trial by a jury, affirmative relief is expressly required to be given to the defendant, if the verdict is in his favor (§ 263); and the plaintiff is entitled to whatever is consistent with his case, if the verdict be in his favor (§ 275). A verdict is nothing but a finding of facts in favor of one or other of the parties upon all or some of the issues. Those issues are created by the pleadings. (*Code*, §§ 248, 250.) A trial is their judicial examination (§ 252), even when they are tried by a jury (§ 253), and is kept, throughout, entirely distinct from the judgment.

The jury is bound to pronounce upon every issue of fact in the cause in favor of one or other of the parties. (*Code*, § 260.)

The judgment, when entered in a book called the judgment-book, is required to specify clearly the relief granted, or other determination of the action (§ 280.)

The judgment in conformity with the verdict to be entered by the clerk in his minutes, under the 264th section of the Code, is therefore only such as is either fixed by statute or is merely for the amount assessed by the jury. The very heading of the eighth title of the Code separates the judgment from the trial. ·The sixth chapter of that title is devoted to the mode of entering judgment after a trial. It requires judgment, except when the clerk is so authorized to enter it, or upon confession, or when given at general term, to be entered upon the direction of a single judge, or a referee's report (§ 278). Such judgment is to be entered in a judgment-book, and to specify clearly the *relief granted*, or other determination of the action (§ 280). The court is authorized, by section 264, itself to stop the clerk's entry of judgment by reserving *a cause for further consideration.* There is no difference between the effect of ·a trial by the court and one by a jury, except in the different tribunal which is to pass upon the facts. The decision of the court on which judgment is to be entered (§ 267) consists of *findings* of fact equivalent to the verdict of a jury, as well as conclusions of law. The similar *findings* of a jury, as distinguished from a verdict, may control a general verdict (§ 262), which then becomes mere matter of form. The relief to which the plaintiff is declared by such sixth chapter (§ 275) to be entitled, is to be governed not by either the verdict or the findings of the court, or the summons or prayer for relief in the complaint, but by the case made by the complaint and embraced in the issue. Any difficulty in the way of the same modification by the court in its judgment, of the relief asked by the complaint, or sought by the action, in the shape of pecuniary payments, which a court of equity would formerly have made, is, notwithstanding the necessity of a trial by jury and a verdict for the plaintiff, assessing his damages at a sum of money, purely imaginary. If the court is powerless to hold back the judgment which must be entered by the clerk on a general verdict for a sum of money, it can at least procure that control by directing specific findings upon particular questions (§ 261), by which they can overrule such general verdict and such

inevitable consequences of an absolute judgment (§ 262); thus performing the same office as it would have done had it tried the questions of fact itself. Without any action by the jury on the question of fact, they are called upon to assess the damages on the trial (§ 263); but the court is to pronounce the judgment. Upon a set-off, the jury may give a verdict upon both parties' claims, yet judgment is only to be given for the excess. Whatever may be the jury's verdict upon the facts, the defendant is to have his affirmative relief, if entitled to any. (*Ib.*) So that general verdicts cannot in all cases control the judgments.

The idea that the only relief to be given to a defendant after a trial and verdict, is by a new trial, is inconsistent with the provision in section 264 of the Code, that a cause, after a verdict, besides being reserved for argument, may be also reserved for further consideration. That means something more than passing upon a motion for a new trial. The cause has been considered so far as to dispose of the issues of fact in it by the verdict of a jury; it requires more consideration to adjudge what shall be the relief. But the equitable conditions imposed by the court on the right of enforcing payment of a sum of money are not affirmative relief granted to the defendant; they but modify that given to the plaintiffs. If they had originally inserted those modifications in their demand for relief in the complaint, they would not the less have made their action one for the recovery of money, and that only.

But if the only difficulty in the way of giving the plaintiffs in this case the right to the purchase-money of their term of years, be the right of trial by jury, the defendant has put it out of the way by waiving a trial by jury. When parties consent that a cause may be tried without a jury, the fact that they were originally entitled to one cannot change the course of proceeding prescribed for the court by the Code. They can only try it, and dispose of it in the manner therein prescribed. (§§ 266, 267, 268.) The judgment is to be entered according to its decision, and that decision is required to contain both findings of fact and conclusions of law. If the court, in this case, had found the making of such an agreement as was alleged in the complaint, and that the plaintiffs were able, at the time of the trial, to give a good title to the term of years sold,

but that such agreement was only oral, although partly per-
formed so as to take it out of the Statute of Frauds; and further,
either that time was not of the essence of the contract, or that
the contract was to be performed within a reasonable time, and
a tender of conveyance had been made within that time, what
conclusion of law could have been added except that the plain-
tiff was entitled to his purchase-money on making a proper con-
veyance? Would it have been prevented by finding, further,
that the plaintiffs did not insert in their prayer for relief that
condition? Such a result would at least defeat the ends which
the Code declares it was passed to accomplish, if it would not
be a mockery of justice.

If, therefore, the contract, although not in writing, was suf-
ficiently partly performed to take the case out of the Statute of
Frauds, and time was not of its essence, I think the plaintiffs
were entitled to recover the purchase-money, or at least so
much of it as they claimed. The evidence is sufficient to estab-
lish such a contract, to be performed either within a reasonable
time or before the succeeding spring after it was executed, and
a part performance by payment of money, occupation of the
premises, and removal by the plaintiffs of their stock; and the
plaintiffs were entitled to recover the part of the purchase-
money they claimed.

But assuming that this is to be considered only an action at
law, there is room for inquiry, whether on the facts as found,
the plaintiffs are not entitled to recover. The agreement of
purchase is found by the court to have been in writing, and
that both parties had a reasonable time in which to perform it.
It is further found, that the premises at the time of sale were
subject to certain encumbrances, and a prior owner had made
a general assignment of his property to an assignee, who never
went into possession of the premises; that the defendant had at
a certain time notified the plaintiffs of the existence of such en-
cumbrances and outstanding interest, and after waiting a rea-
sonable time for their removal, had rescinded the contract by
a notification of a refusal to take the title. And also that on
a certain day the plaintiffs had tendered a conveyance without
removing all the encumbrances, which it appeared by the
evidence, was only refused in consequence of such supposed
rescission. It was not found, that the time of such tender was

not a reasonable time from the time of making the contract, in which to perform it, either as matter of law, or matter of fact. But it was held as a conclusion of law, that the defendants had a right to rescind the contract, after waiting a reasonable time from the notification of the existence of the liens and outstanding claims, for their removal; and, of course, that it was the plaintiffs' duty to remove such liens and cloud on the title within such reasonable time. It does not appear, whether the learned judge, before whom the cause was tried, considered that the unreasonableness of the time which elapsed after notice of the encumbrances, without removing them, affected the question of the reasonableness of the time for the performance of the contract, which had elapsed since it was made. If the reasonableness of the time elapsing after notification of encumbrances, for their removal, be the only ingredient to determine the reasonableness of the time for performing the contract after it was made, and is identical therewith, then, under the views of the court, the plaintiffs were not entitled to recover. But if other considerations are to affect such question of reasonable time to perform the contract, clearly, if it had such legal effect imputed to it by the court, the defendant could not modify the contract by a notification to remove encumbrances, or terminate it by notice, after giving a reasonable time for such removal.

Reasonableness of time is a question of fact (Patteshall a. Trauter, 4 Nev. & M., 649; Fielder a. Starkin, 1 H. Bl., 17; Bain a. Case, 3 Cur. & P., 497), determinable by circumstances (Wibert a. The N. Y. & Erie R. R. Co., 2 Kern., 249), and has been said to be, in regard to some contracts, the time it would take a person of ordinary business talents to perform the act required. (Smedberg a. More, 26 Wend., 242.) This could not be the rule in regard to the conveyance of premises used as livery-stable, filled with horses and vehicles. Besides, there was evidence of an agreement by the defendant to allow the plaintiffs to keep possession until the 1st of January, 1861, and again until the 1st of March following. No notice was given of encumbrances until the latter part of February, and even then there was no peremptory demand for their removal. The defendant had possession, or occupied the premises until March, as one witness testified, being after the notice to remove en-

cumbrances. His counsel consulted with the other party as to the mode of relieving the premises from the effect of the assignment.

Moreover, one of the objections made was the outstanding interest of the assignee (Allen), which was required to be got rid of, when in fact he had no interest. This court has recently decided, at general term, that a general assignment does not pass a leasehold interest, without some act of assent or acquiescence, by taking possession, collecting rent, and the like; and I see no distinction in this case from the fact of the assignor executing such assignment to obtain a discharge from his debts. It is true, the statute declares that such assignment shall vest in the assignees all the interest of the insolvent, at the time of executing the same, in any property, whether such interest be legal or equitable (2 *Rev. Stat.*, 21, § 28 [§ 33, 5th ed.]); but that provision was merely to carry equitable interest, which might not otherwise pass, and not in order to burden the assignee with responsibilities not intended by him to be assumed. Indeed, such assignment, if rightly executed and framed, ought to enumerate the property ordered to be assigned and set forth in the inventory of the insolvent, or subsequently disclosed. (2 *Rev. Stat.*, 17, § 5 [§ 8, 5th ed.]; *Ib.* 20, § 25 [§ 30]; *Ib.* 21, § 29 [§ 34, 5th ed.]). In requiring the getting in or release of such outstanding interest, the defendant asked for more than he was entitled to, and his notification, therefore, was unavailing, and the reasonableness of the time for the performance of the contract should have been determined without regard to such notification.

I cannot, therefore, avoid the conclusion, under the findings of the court, that the defendant had no right to terminate or rescind the contract when he attempted it, unless the reasonable time for performing it had expired; that there was evidence to show that it had not; and that even taking an unreasonable time to remove encumbrances after knowledge of them, could not modify the original contract, or give the defendant a right to rescind it; and that even if it did, the inclusion of an interest, which he was not bound to remove, renders such requisition harmless. The question, how far the apparent title in Allen made the title unmarketable, cannot be agitated in an action at law—the only question there being, if the title was good at the time of the tender?

Unless the assessments, therefore, prevented the plaintiffs from making a good title, they would have been entitled to recover; but the refusal to take the title was not put on that ground, but of the rescission if it had been, *non constat;* but that the plaintiffs would have removed them. And in any event being pecuniary, they could be deducted from the purchase-money.

I am of opinion, therefore, that the plaintiffs are entitled to a new trial, with costs to abide the event, and the judgment should be reversed for the purpose.

Judgment affirmed.

---

## GREENLEAF *a.* MUMFORD.

*Supreme Court, First District; Special Term, October,* 1865.

### ATTACHMENT.—FRAUDULENT ASSIGNMENT.

The drawing of checks without funds to meet them is, when unexplained, a badge of fraud, and coupled with the simultaneous transfer of a large sum to a friend, in a clandestine manner, is conclusive, and leaves the sum so transferred liable to the attachments of creditors.

By an attachment issued as a provisional remedy under the Code of Procedure, the plaintiff in the action obtains such a lien upon the property attached as will entitle him to the intervention of equity to remove or set aside fraudulent obstacles to the enforcement of the lien; and for this purpose he may maintain an action to reach a fund fraudulently transferred by the debtor.

Although such an attachment must be signed by the judge granting it, it is not essential that the copy served should have a copy of the judge's signature subscribed to it.*

The notice accompanying the attachment, to be served on a third person, may describe the property attached in general terms, without specifying its precise nature and amount.

---

* A similar principle applies in the case of the deponent's signature of an affidavit. (Barker *a.* Cook, 16 *Ante,* 84: Graham *a.* McCoun, 5 *How. Pr.,* 353.) So, too, the omission of the attorney's signature from the original order may be supplied by amendment. (Kissam *a.* Marshall, 10 *Ante,* 424.)