Richardson *v.* Pulver.

————•—•——

63b 67
8ap574

CHARLES T. RICHARDSON, trustee &c., *vs.* WILLIAM W. PULVER and AMOS CASE.

In an action under the Code, to recover the possession of real estate, the plaintiff must (as in the former action of ejectment) recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary.

The act of April 11, 1849, (*Laws*, *ch.* 375, § 3,) which provides that any married woman may convey real estate " in the same manner, and with the like effect, as if she were unmarried," repeals, as to married women and their separate estates, the provisions of the Revised Statutes requiring a private examination apart from their husbands, upon their acknowledgment of the execution of conveyances.

A married woman, therefore, having a power of appointment over lands of which the legal title is vested in a trustee, may execute an instrument desiring the trustee to execute a conveyance of the premises to her, in pursuance of a power contained in the trust deed; and may legally acknowledge the execution of such instrument in the usual form, without any private examination.

The validity of the execution of such a request to the trustee is to be tested by the form of acknowledgment at that time requisite, for married women.

The claim that the acknowledgment of such an instrument should be in ac-

Richardson *v.* Pulver.

cordance with the Revised Statutes is, at most, based upon an inchoate right, and the repealing statute is valid as against it.

Inchoate rights, generally, derived under a statute, are lost by its repeal; unless saved by express words in the repealing statute.

THIS is an action of ejectment, to recover premises described in the complaint, situated in the city of Oswego. Trial by jury waived by consent of counsel in open court.

Robert H. Martin, by deed dated 10th December, 1845, and recorded March 6, 1856, conveyed the premises to Susan Martin. Susan Martin, by her deed dated 20th of December, 1845, conveyed the premises to Patrick H. Hard, with certain trust provisions, "for the benefit of Lucy W. Martin, the wife of Robert H. Martin," &c. Hard died 12th Februry, 1862. July 21, 1868, Lucy W. Martin presented her petition to, and an order was made by, the Supreme Court, appointing Charles T. Richardson, the plaintiff, a trustee instead of Hard, deceased, giving all the powers to said trustee that were possessed by Hard.

Lucy W. Martin had two children, viz., Cornelia W., born April 29, 1838, and Catherine, born July 11, 1840. Catherine married Delos Gary, May 5, 1858, and she died October 4, 1864, having had no child. Cornelia W. married the plaintiff, October 16, 1861, and is living and has children. Lucy W. Martin died April 19, 1870, leaving no will. This action was commenced February 16, 1871. In April, 1854, Robert H. Martin and wife executed a mortgage for $1000 to Joseph M. Reneaux, on the premises. September 10, 1857, Robert H. Martin and wife executed a warranty deed of the premises, for $800, to Delos Gary, which was recorded January, 1858. March 1, 1859, Delos W. Gary and wife executed a deed for $1700 to John M. Courzon. April 15, 1859, John M. Courzon and wife executed and delivered a deed of the premises to William Pulver, one of the defendants. In 1858 Gary made improvements to, and placed betterments upon the premises. On the 26th day of July, 1856, Lucy W. Mar-

tin, by an instrument in writing under seal, signed by her,
"desired Hard to execute to her a conveyance of said
premises in pursuance of a power in said trust deed con-
tained, and in pursuance of the statute in such case made
and provided." This instrument, on the same day, was
acknowledged by her before an officer duly authorized to
take acknowledgments of conveyances, who appended his
certificate in the following words, to wit: "Oswego coun-
ty, ss: On this 26th day of July, 1856, before me came
Lucy W. Martin, wife of Robert H. Martin, to me known
to be the person described in and who executed the
above instrument, and acknowledged that she executed
the same." Signed, "Charles Rhoades, commissioner of
deeds." This instrument, so executed by her, was on the
same day presented to Judge Allen, (then justice of the
Supreme Court,) who made and delivered his certificate
in these words and figures, to wit: "I have examined the
condition and situation of the property referred to in the
within instrument, and now held by the within Patrick H.
Hard in trust for Mrs. Lucy W. Martin, and made due
inquiry into the capacity of the said Mrs. Lucy W. Mar-
tin to manage and control the same, and in my opinion
she is competent to manage and control the same, and
that it is fit and proper that a conveyance should be exe-
cuted as required. Dated July 26, 1856. W. F. Allen,
Justice Sup. Court." On the 28th July, 1856, Patrick H.
Hard, duly sealed and executed a conveyance of said prem-
ises, in pursuance of such request and certificate, to Lucy W.
Martin, and on the 30th day of July, 1856, duly acknowl-
edged said instrument, and the same was duly recorded
August 13, 1856.

The defendant Pulver was a purchaser for value, with-
out express notice of any defect in title; and the defend-
ant Case is his tenant.

*C. T. Richardson* and *A. Perry*, for the plaintiff.

*W. A. Poucher* and *Henry A. Foster*, for the defendants.

HARDIN, J. This being an action to recover possession of the premises described in the complaint, (like the former action of ejectment,) the plaintiff must recover, if at all, upon the strength of his own title, and cannot recover upon the weakness of that of his adversary. (*Davies, J.,* 3 *Keyes,* 627.)

The important question, therefore, in this case is, whether the plaintiff, as trustee under the conveyance made by Susan Martin to Patrick H. Hard, had title to the premises at the time this action was commenced.

1. By the act of 1848, for the more effectual protection of the property of married women, and the act amending the same in 1849, (*Chap.* 375,) Lucy W. Martin was authorized to "take by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the same manner and with like effect as if she were unmarried."

2. The provisions of the deed to Hard authorized him "to convey said above granted and described premises to such person or persons as she, the said Lucy W., by an instrument in writing, under her hand and seal, *duly* acknowledged by her, shall constitute and appoint to receive such conveyance."

Assuming that the conveyance by Susan Martin to Hard, (as does the plaintiff, by seeking to maintain this action upon the legal title, 2 *N. Y.* 19; *Id.* 257,) vested a legal estate in the trustee, the question presented relates to the character and effect to be given to the instrument executed by Lucy W. Martin.

It is claimed that this instrument was not "duly ac-

knowledged," and therefore the conveyance by the trustee unauthorized and invalid. But it appears that she executed and sealed the instrument, and then appeared before an officer authorized to take acknowledgments, and he made the usual certificate of her acknowledgment. Certainly, this acknowledgment was made in due form, unless it was at that time required to be separate and apart from her husband, and without fear or compulsion.

The act of 1849 expressly provides, that any married woman may convey real estate " in the same manner, and with the like effect, as if she were unmarried." This provision has been repeatedly held to repeal, as to married women and their separate estates, the provision of the Revised Statutes; and it seems now too late to question the correctness of that conclusion. (17 *Barb.* 660. 12 *How. Pr.* 441. 18 *N. Y.* 271. 26 *id.* 47.)

It was urged on the argument, that the instrument executed by Mrs. Martin, in 1856, must be in accordance with the law authorizing acknowledgments, as it stood in 1845; but no satisfactory reason was given why it was not competent to repeal or modify the statute as to acknowledgments, and as modified, why it should not be applicable to this instrument.

By section 34, 3 Revised Statutes 53, 5th edition, it is provided that "the acknowledgment of a married woman residing within this State, to a conveyance purporting to be executed by her, shall not be taken, unless, in addition to the requisites contained in the preceding section, she acknowledge, on a private examination apart from her husband, that she executed such conveyance freely, and without any fear or compulsion of her husband; nor shall any estate of any such married woman pass by any conveyance not so acknowledged." And section 70 of 3 Revised Statutes, page 59, 5th edition, defines the term conveyance as used in the first section quoted. By section 137 of 3 Revised Statutes, page 27, 5th edition, it was pro-

vided "if a married woman execute a power by grant, the concurrence of her husband as a party shall not be requisite, but the grant shall not be a valid execution of the power unless it be acknowledged by her on a private examination, in the manner prescribed in the third chapter of this act, in relation to conveyances by married women."

These sections are deemed repealed or modified by the acts of 1848 and 1849, as to the execution by married women, so far as regards their separate estate; and as Judge Selden expresses it, in his opinion in *Wiles* v. *Peck*, (26 *N. Y.* 46, 47,) "it is too late, now, to question the correctness of that conclusion, involving, as it doubtless would, the validity of many titles."

The request to the trustee to convey, being in 1856, its execution is to be tested by the form of acknowledgment then requisite for married women.

The repeal or modification of those sections of the statute deprived the plaintiff of no right; it did not disturb or intermeddle with any vested interest or estate. (*The Firemen's Ins. Co. of Albany* v. *Bay*, 4 *Barb.* 407; *S. C.* 4 *N. Y.* 9.) It only regulated the manner in which the proof be given of an instrument affecting an interest in real estate. It only declared what should be deemed a due acknowledgment "within the statutory requirements." It affected the method of authentication of an instrument, rather than the legal effect thereof. It regulated the manner in which it should be acknowledged, so as to be placed upon record. (*McCotter* v. *Hooker*, 8 *N. Y.* 504.) The claim made by the plaintiff that the acknowledgment of the instrument by Mrs. Martin should be in accordance with the Revised Statutes, at most, is based upon an inchoate right, and the repealing statute is valid, as against it. (*The People ex rel. Fleming* v. *Livingston*, 6 *Wend.* 526.) "Inchoate rights, generally, derived under a statute, are lost by its repeal, unless saved by express words in the repealing statute."

There is no such saving clause in the act of 1849. (*Butler* v. *Palmer*, 1 *Hill*, 324.) It follows, therefore, if the acknowledgment by Mrs. Martin was in accordance with the law regulating the acknowledgment of such instruments, in force in 1856, the date of her instrument, then it was in accordance with the trust deed to Hard, and the execution of the conveyance by him of the premises, in 1856, passed the title, and closed the trust; and the plaintiff, by the order appointing him, acquired no title to the premises, and therefore was not, at the commencement of this action, entitled to recover possession thereof.

Numerous other questions were discussed, upon the trial, which I do not deem it important to examine, as the result reached disposes of the plaintiff's right to recover in this action.

Complaint dismissed.

[Oswego Special Term, January 8, 1872. *Hardin*, Justice.]