## ISABELLA HAY, Respondent, v. THE STAR FIRE INSURANCE COMPANY, Appellant.

*Policy of insurance — reformation of — limitation of time to bring action upon — when the time commences to run in such case.*

The plaintiff, in June, 1867, held a mortgage for $2,500 containing the usual insurance clause. On June twenty-eighth the defendants issued to the plaintiff a policy for $2,500 insuring her as mortgagee. In June, 1868, plaintiff took another mortgage for $500 on the same property also containing the insurance clause. Plaintiff applied for a new policy to cover both amounts. The policy was not delivered at the time of making the application, but was subsequently received by the plaintiff and accepted without examination. This new policy contained an additional clause, providing that the company should only be liable for any deficiency that might remain after the plaintiff had exhausted the primary security. The second policy was renewed from time to time until October, 1873, when the property was destroyed by fire, and plaintiff then, for the first time, discovered that the additional clause had been inserted.

In an action by the plaintiff to reform the policy by striking out this clause, *held,* that the insertion of this clause by the defendant without notice to the plaintiff was, in legal contemplation, a fraud, and that the same should be stricken therefrom.

The policy provided that no suit or action for the recovery of any claim by virtue of the policy should be sustainable in any court, unless it was brought within twelve months after the loss had occurred.

*Held,* that the clause in the policy as written, requiring the primary security to be first exhausted, was inconsistent with such a provision and that it did not, therefore, apply to the case of insurance of the interest of a mortgagee; that under the contract, as it was claimed to be by plaintiff, the cause of action did not accrue until the entry of the judgment reforming the policy.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

Plaintiff, in the month of June, 1867, was the holder of a mortgage for $2,500, made by Nathan Smith and Jane, his wife, covering premises in Westchester county. The mortgage contained the usual insurance clause. On the 28th of June, 1867, defendants insured the plaintiff in the sum of $2,500 on " her interest as mortgagee " in the premises in question.

In June, 1868, the plaintiff loaned the mortgagors the further sum of $500 taking a new mortgage therefor, which also contained an insurance clause, and applied to defendants for a renewal of the policy of insurance, then about to expire, and for an increase of the risk to the sum of $3,000 in order to cover the additional mortgage indebtedness.

The new policy was not made out or delivered at the time of the agreement of renewal but subsequently thereto, and plaintiff received the same without examination supposing it to be in conformity with the agreement. The new policy did not, however, conform to, and was not a renewal of the first policy. The essential feature of difference consisted in the insertion in the new policy of the clause, *i. e.* :

" In all cases of loss the assured shall assign to this company all his right to receive satisfaction therefor from any other person or persons, town or corporation, with a power of attorney to sue for and recover the same at the expense of this company. When insured as a mortgagee the loss shall not be payable until payment of such portion of the debt shall have been enforced, as can be collected out of the original security to which this policy may be held as collateral, and this company shall then only be liable to pay such sum, not exceeding the amount insured, as cannot be collected out of such primary security."

The plaintiff did not examine the policy when delivered, and had no notice or knowledge of the existence of the clause in question or that the policy was not made out in conformity with defendants'

agreement, until subsequent to the destruction of the premises by fire in October, 1873, when her attention was for the first time called to the fact by the refusal of the company to pay.

The insurance had been renewed from time to time, such renewals being effected by means of receipts for the annual premiums and not by the making and issuing of new policies.

On the 9th of October, 1873, the premises were destroyed by fire. The plaintiff gave due notice of the fire and furnished proofs of loss and applied to the defendants for payment of the insurance, which being refused this action was, in January, 1875, commenced for a reformation of the policy to conform to the agreement made by defendants and for the recovery of the amount of loss.

It appeared in evidence on the trial that the premiums of insurance were uniformly and in all cases paid by the mortgagors. No question was raised on the trial either as to the amount of the loss or the form or sufficiency of the proofs. The policy contained the following provision as to the bringing of actions thereon :

"It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery, until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against the company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

The court found that the policy was not in conformity with the agreement made by the company, and adjudged that the same should be reformed in conformity with the prayer of the complaint, and that plaintiff should recover from the defendants the amount of the insurance.

*Osborne E. Bright*, for the appellant.

*Charles A. Davison*, for the respondent.

BRADY, J. :

The plaintiff, in June, 1867, held a mortgage as mortgagee, for the sum of $2,500. It was made by Nathan Smith and Jane, his wife.

It contained the usual insurance clause. On the 28th of June, 1867, the defendants insured the plaintiff in the sum of $2,500, on her interest as mortgagee. In the following June, the plaintiff loaned the further sum of $500 and took a new mortgage, which also contained the insurance clause; she then applied through her agent for a renewal of the policy from the defendants, then about to expire, for the sum of $3,000, to cover the two sums of $500 and $2,500, loaned as stated. The new policy was not delivered when applied for but was subsequently received without examination. It did not conform to the policy first secured and for $2,500, inasmuch as it contained the following clause which was not found in the old policy.

" In all cases of loss, the assured shall assign to this company all his right to receive satisfaction therefor from any other person or persons, town or corporation, with the power of attorney to sue for and to recover the same at the expense of this company. When insured as a mortgagee, the loss shall not be payable until payment of the debt shall have been enforced, as can be collected out of the original security to which this policy may be held as collateral, and this company shall then only be liable to pay such sum, not exceeding the amount insured, as cannot be collected out of such primary security."

The plaintiff did not examine the new policy and had no knowledge or notice of the new clause, or that the policy was not made out in conformity to the application for a renewal, until after the destruction of the premises by fire. Upon these, which are the material facts, the plaintiff sought a reformation of the contract and succeeded on the trial in obtaining the relief asked. The testimony clearly warrants the conclusion that the policy for $3,000, was to be such a policy as had previously been given, and that no notice of the addition or intended addition of the clause mentioned had been given to the plaintiff or to her agent. There can be no doubt, either, that the new policy accomplished an entirely different relation between the parties to that which had pre-

viously existed, and there can be no doubt, either, that if the policy for $2,500 had been retained the demand made upon it could not be answered by the text of the clause mentioned, because it was not contained in the agreement. (*Excelsior Insurance Co.* v. *The Royal Ins. Co.*, 55 N. Y., 343.)

The clause itself is open to the objection, that it is an insurance of the debt and not of the property, and is not only not the agreement the plaintiff sought, but, so far as defendants are concerned, was *ultra vires.* They could not take such risks. (Case, *supra.*) The insertion of the new clause without notice, was, under the circumstances disclosed, in legal contemplation, a fraud. The plaintiff did not ask for it. It was not spoken of and was unauthorized. The reformation of a contract upon such facts and such legal conclusion of fraud is almost matter of course. When the plaintiff applied for a renewal and it was agreed upon, it meant the repetition of the policy in terms which had been agreed upon. The rules which govern applications of this kind have been elaborately discussed, in many cases, and it may be supposed that some of them are settled so as to be securely applied.

It can be said, it seems with certainty, that fraud need not be expressly charged. It is sufficient if it is fairly deducible from the facts established. And further, that where it exists the relief sought will be granted and the contract reformed. The insertion of such a clause as mentioned, without an agreement therefor or notice, was as already suggested, a fraud in legal contemplation. (Story's Equity Jur., §§ 154, 155; *Lyman* v. *The United Ins. Co.*, 17 Johns., 373; *Bidwell* v. *The Astor Mutual Ins. Co.*, 16 N. Y., 263; *Rider* v. *Powell*, 28 id.; 310; *Welles* v. *Yates*, 44 id., 525.)

A careful examination of the case has not revealed error in the findings or the validity of any exception taken. The testimony on the part of the defense in some respects corroborates that given on behalf of the plaintiff. It is true that neither the plaintiff's agent nor herself read the first policy, but it is also true that both supposed they had secured immunity from loss if the property was destroyed to which the policy applied. This was the object they had in view and this was accomplished by the first policy. The fact of their not having read it, did not justify the defendant in substituting one differing from it in an important respect without notice,

which, as already suggested, was not given in this case. The testimony with regard to this new policy leads to the conclusion that the plaintiff's agent wanted and supposed that he would obtain insurance upon the property and not of the debt, and that if the property were destroyed by fire the plaintiff would be paid.

It is said, however, assuming that the policy should be reformed, the plaintiff cannot succeed because this action was not commenced within twelve months after the loss occurred, but there are answers to the proposition which seem to be conclusive. The policy issued contained the following clause: "When insured as a mortgagee, the loss shall not be payable until payment of such portion of the debt shall have been enforced as can be collected out of the original security to which this policy may be held as collateral, and this company shall then only be liable to pay such sum, not exceeding the amount insured, as cannot be collected out of such primary security." It will be perceived, however, that it contemplates the adoption of all the proceedings necessary to obtain from the original security the payment of the debt to which the policy relates, and that the defendant shall be called upon to pay only such sum as cannot be thus collected. It is, perhaps, not necessary to say that this is wholly inconsistent with the covenant requiring the commencement of an action within twelve months, because the enforcement of the demand secured by the mortgage might involve years of litigation which must be exhausted before the defendant's liability would accrue. The provision does not, therefore, apply. It is designed to cover only the claims which originate in the loss of property insured, and as to which the defendants are primarily liable. This is our conclusion on the policy, as it exists. If, however, we consider the proposition with reference to the contract as the plaintiff avers it to have been made, then the answer is that the action, to be commenced under the provisions of the policy for the loss, does not accrue until the judgment reforming it is pronounced. The effect of changing the policy, is, therefore, substantially to render nugatory the limitation under consideration.

We think the judgment should be affirmed, with costs.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.