By the Court—White, J.
Charlotte Quisse was the owner of certain property in Morrisania, Westchester County, in April, 1856, and desiring to have it insured for $4,000, she sent her husband, A. H. Quisse, to the City of New York to obtain the desired insurance. He applied accordingly at the Stuyvesant Insurance Company and told them verbally that his wife owned the property to be insured, and desired to have an insurance of her interest in it. A. H. Quisse was a German and read and spoke English imperfectly. Charlotte, his wife, was more ignorant still, and could neither read nor write. The Stuyve *582 sant Company, in reply to his application, received from him the fifty- dollars which his wife had given him to pay the premium, and said they would send Mr. Burnett,' their Surveyor, to see the property, the next day. Burnett was at that time a broker, obtaining insurances for both the Stuyvesant and the Eutgers Insurance Companies, making a commission upon such insurances as he obtained. He called the next day at the house of the Quisses in Morrisania and saw the property; and the testimony is conflicting as to what passed at that time and place, on the subject of the person whose interest was to be insured. Both the Quisses testify, that they told Burnett that the insurance was to be for the wife: that it was to be in her name. Burnett swears to the contrary—that the wife said nothing, and that A. H. Quisse said, in reply to an inquiry made by him (Burnett), “ that the insurance was to be in his, A. H. Quisse’s, name.” He testified that he made a special inquiry of Quisse, at the time, on this point, because he knew that the property stood and was assessed in the name of Charlotte Quisse.
After the lapse of a few days, A. H. Quisse called at the office of the Stuyvesant Insurance Company for the policy. They handed him two policies, one made by themselves for $1,590, and the other made by the defendants for $2,100. Quisse expressed surprise at receiving two policies. The officer of the Stuyvesant Company told him it was all right, that the Eutgers Company was as good as theirs, which assurance satisfied him. On or shortly before November 7, 185G, A. H. and Charlotte Quisse called on William K. Thorn, Attorney for Mrs. Mary Entwistle and August Kannibly, who had each a separate mortgage on the insured property. They called with the intent to assign one of the policies of insurance to Mrs. Entwistle and the other to Kannibly as further security for the respective mortgage debts. Mr. Thorn, knowing that Charlotte Quisse owned the mortgaged property, called the attention of the Quisses, upon looking at the policies, to the fact that the insurance in both policies *583 was of A. H. Quisse’s interest in the property, who had no title to any of it, instead of Charlotte Quisse’s, who was its owner. The Quisses thereupon left the policies with Mr. Thorn to have this error corrected and the policies made payable, respectively, one to Mrs. Entwistle and the other to Kanniblyj and on that or the next day, Mr. Thorn sent the policies by a clerk in his office to the respective Insurance Companies to have them altered as proposed.
The Stuyvesant Insurance Company altered their policy by indorsing on or inserting in it the words “ Charlotte Quisse is recognized as the owner of the above, November 8th, 1856, loss, if any, payable to August Kannibly.”
The Rutgers Insurance Company (the defendants) altered their policy only by inserting in it the words “ Nov. 7, ’56, loss, if any, payable to Mary Entwistle.”
Mr. Thorn’s clerk testified that when he took the policy in suit to the office of the defendants’ Company to be altered, he told the Secretary of the Company, who made the alteration, that the property was owned by Charlotte Quisse at the time the policy was issued, and that the loss, if any, should be made payable to Mary Entwistle. The Secretary made the alteration in the manner above stated, and handed it back to Mr. Thorn’s clerk, who did not examine it; and no one appears to have looked at it again until after the destruction of the property by fire, in December, 1856.
This action is now brought upon the defendant’s policy, on the allegation that the defendants, at the time of issuing the policy, were informed that the person to be insured was “Charlotte” Quisse—that the application, in fact, for insurance, was by her, and by no one else,—and that, by mistake, the name of “A. H.” instead of “Charlotte” Quisse, was inserted in the policy. It is also claimed that the notification by Mr. Thom’s clerk, on November 7, 1856, that Charlotte Quisse was the owner, and the indorsement by the Company on the policy, of the words, “Loss, if any, payable to Mary Entwistle,” operated as a new engagement or undertaking between the defendants *584 and Mary Entwistle, the assignor of the plaintiff, in this case, and ratified the policy as having been originally intended for Charlotte, the real owner.
But this theory or argument entirely fails, because the premises, upon which it is founded, are without any support from the testimony produced upon the trial.
There is no proof, whatever, that either the Stuyvesant Insurance Company, or Burnett, or any other person, at or before the time of issuing the policy, informed the defendants, that the insurance was to be of Charlotte Quisse’s interest. On the contrary, all the presumptions arising from the facts in the case, and all the direct testimony on the point, are to the effect, that the only application made to the defendants, was for an insurance of the property and interest of A. H. Quisse. What was said to Burnett or the Stuyvesant Insurance Company, is of no importance or effect, unless it was communicated to the defendants before or at the time of issuing the policy. It may be true, that Burnett and the Stuyvesant Insurance Company, were informed of the fact that the property belonged to Charlotte Quisse, and were requested to insure or procure insurance of her interest; yet, unless that information and request were communicated to the defendants, they cannot be affected by it, or be deemed to have known it, and to have committed an error or mistake in issuing a policy in the name of A. H. Quisse. The only application made to them, was an application to insure A. H. Quisse’s interest; and that they have done. Heither the Stuyvesant Insurance Company, nor Mr. Burnett, was such an agent of the defendants, as to justify the conclusion, that what was said or communicated to them, should be deemed to have been said or communicated to the defendants. There was nothing, therefore, to submit to the Jury on this point. Also, the notification given by Mr. Thorn’s clerk, either taken separately or in connection with the defendant’s indorsement on the policy, that “the loss, if any, was to be payable to Mary Entwistle,” did not change the contract in the policy as to the *585 interest insured. With this indorsement added to it, the contract was, that whatever loss “A. H. Quisse” should sustain by the destruction of the property, should be paid to Mary Entwistle. There is no recognition in the policy, nor any where else, by the defendants, of Charlotte Quisse, as interested in the property. The fact, that the policy was not altered by them in that respect, when Mr. Thom’s clerk notified their secretary, is only proof, either, that they did not understand that any request was made to them to alter the policy as to the interest insured, or that if they did so understand it, they refused, as they had a perfect right to do, to make the alteration. In either case, the contract, as to the interest insured, remained unaltered, and as the plaintiff’s assignor suffered it to remain so without objection or remark, until after the loss happened, it is too late now to alter or reform it, and compel the defendants to suffer the consequences of a risk which they never agreed to assume. The result is unfortunate to the plaintiff, more especially as it was all, probably, a mere oversight or inadvertence on the part of his assignor, or her agent. The defendants would, doubtless, have made the desired change in the policy, on November 7,1856, if their attention had been then effectually directed to it. But it was not pressed upon their notice as it might have been; and as the policy now stands, it is only an insurance of A. H. Quisse against loss. He had no interest in the property, and consequently sustained no loss; and there was nothing to be paid either to him, or to the appointee, Mrs. Entwistle.
The judgment must, therefore, be affirmed, with costs.