VAN TUYL and others *vs.* THE WESTCHESTER FIRE INSURANCE COMPANY.

To warrant the court in reforming a contract, by inserting provisions that were omitted, or in correcting the same in any matter in which an error occurred, it must appear that such mistake was made by both parties. If one party was mistaken, and the other was not, no such judgment can be rendered.

This, like any other question of fact, is to be settled by the jury, or by the court if the action is tried without a jury; and where the evidence is conflicting, and contradictory, the finding at the trial is conclusive upon the parties.

In an action brought to reform a policy of insurance upon a mill, by inserting therein a permission to run the mill over time, or at night, and to recover thereon for a loss, the judge before whom the action was tried found, upon conflicting evidence, that by the mutual mistake of both parties and their agents, such permission was not inserted in the policy, and that the mistake was not discovered until after the loss. *Held,* that this finding of the judge upon the question of fact being conclusive, a judgment directing the policy to be reformed, and that the plaintiffs recover the amount insured, was properly rendered.

A policy of insurance can be reformed after a loss has occurred.

THIS action was brought to reform a policy of insurance and recover thereon for a loss sustained. It was tried by consent before Justice BARNARD, at Special Term, a jury having been waived.

It was admitted on the trial, that the plaintiffs were partners, as alleged in the complaint, and the owners of the property insured; that said policy was issued to them by defendants, and that a loss occurred as stated in the complaint, and to the amount therein set forth,

and proper proof thereof had been duly furnished to defendants, and that if liable at all, they were liable for the amount claimed in the complaint; and that the only questions to be tried were, whether the defendants agreed to insert in said policy permission to run over or extra time, and at nights occasionally, as business might require, and whether the policy could be reformed in this action.

The facts in relation to the transaction are as follows: The plaintiffs were partners, and owners of the property described in the policy in suit, and A. P. Van Tuyl was their managing agent. The defendants were a Westchester company, doing business in New York city through J. F. Hanford, agent. In December, 1869, Thomas Dockum, an insurance agent, procured a policy of insurance for them on their building, 273 Cherry street, New York, from defendants. Van Tuyl, the plaintiffs' agent, discovered in that policy, in minute print, a condition that if the premises stood on leased ground, or if it was a manufacturing establishment running in whole or in part over or extra time, or at night, it must be so stated in the policy, and express permission given. He informed Dockum of that clause, and directed him to have the permission inserted. Dockum took the policy back to have such permission inserted, and stated the facts to J. F. Hanford, the agent of the defendants, and who issued the policy. He refused to give such permission, or to write on leased ground, and the policy was cancelled. Thereafter Dockum was directed by Van Tuyl to procure $5,000 on the stock and merchandise. Dockum, on the 26th day of January, 1870, procured $2,500 of it from the United States Fire and Marine Insurance Company of Baltimore, and applied to J. F. Hanford, the agent of defendants, for the rest. Hanford agreed to write, as the other companies did, and to give permission to run over or extra time,

and at night occasionally, and told Dockum to bring in his form. It was claimed that Dockum took in to him the policy of the United States Company, of Baltimore, which had that day been issued, and which contained no restriction against running nights, and told him to copy that, and insert the permission to run over or extra time, and at nights occasionally, as business might require. Dockum received the policy a day or two after, paid the premium, and delivered it to Van Tuyl. Neither Van Tuyl nor Dockum discovered the omission until after the loss, which occurred May 18, 1870. The amount was $1,343.75, and due proofs were furnished and accepted. The policy contained a provision against manufacturing establishments running at night, and it was admitted that on the night of the fire plaintiff's mill ran till 10 o'clock, and that the fire occurred after that hour.

J. F. Hanford, the agent of defendants, was examined. He did not deny that the first policy was issued and cancelled for the reasons and as stated by Dockum, but denied that he agreed to give such permission to run nights in the second policy. He certified that he had power to grant such permission. Penfield, the president, says the same. Jerome, Heins and Penfield were called to prove that running at nights increased the risk, and that companies charged extra rates for permission to do so; but they are contradicted by the policies of the Hamilton and Fireman's Fund Insurance Companies, who insured this risk and gave such permission, and charged the same rates as the defendants. It was also proved that all the companies who insured this risk charged the same rate as defendants, and gave permission to run nights.

Judgment was rendered for the plaintiffs, and the defendants appealed.

Other facts are stated in the opinion.

Van Tuyl *v.* Westchester Fire Insurance Company.

*W. H. Pemberton,* for the appellants.

*F. E. Dana,* for the respondents.

*By the Court,* INGRAHAM, P. J. This action is brought to reform a policy of insurance, and to recover the amount of the insurance.

The property insured was a mill. The defence is, that the property was insured upon the understanding that the same should be run and operated in the day, only, whereas, the same was operated at night, the risk thereby increased, and the fire caused during the night.

The evidence on the part of the plaintiff showed that when the application for insurance was made, the agent, Hanford, refused to insure with a clause allowing the mill to be run at night; that afterwards the plaintiff's agent applied to another company, which agreed to take half, and he then saw Hanford again, and asked him to take the other half. Hanford replied that the president had changed his mind, and would write as other companies did. That he then told Hanford they wanted the privilege to run over time, or at night; and that he said, "bring me the form of the other company, and they would write." That he took the policy of the United States Company to him and received a policy. That he did not discover, till after the fire, that the permission to run at night was not in the policy.

Hanford testified that the party applying for insurance did not request that the policy should contain such permission, and that he never agreed thereto.

The case was tried before Justice BARNARD, of the Second Department, who found that by the mutual mistake of both parties and their agents the permission was not inserted in the policy, and that the mistake was not discovered until after the loss. He rendered judgment directing that the policy should be reformed by inserting

the permission, and then rendered judgment for the plaintiffs for the amount of the loss.

The defendants appealed, and the case was sent to this department.

It is well settled that to warrant the court to reform a contract by inserting provisions that were omitted, or in correcting the same in any matter in which an error was made, it must appear that such mistake was made by both parties. If one party was mistaken, and the other was not, no such judgment can be rendered. This, like any other question of fact, is to be settled by the jury, or by the court, if the action is tried without a jury; and where the evidence is conflicting and contradictory, the finding at the trial is conclusive upon the parties. Here there was such conflict, and the justice who tried the case has found that both parties were mistaken. There is no difference between the evidence on each side, to justify us in saying that the judgment is against the weight of evidence. Upon no other ground could we hold the finding to be erroneous.

It is urged that the policy cannot be reformed after the loss has occurred. This was held in *Solms* v. *The Rutgers Fire Ins. Co.*, in the Superior Court, (8 *Bosw.*, 578,) but that case was reversed by the Court of Appeals, where it was held that the plaintiff could recover. (*S. C.*, 3 *Keyes*, 416. *Bidwell* v. *Astor Mutual Ins. Co.*, 16 *N. Y.*, 263, *and opinion of Gilbert, J., in this case on former argument.*)

The blank policy, which was admitted by the learned justice, was not properly in evidence. The paper produced was not the original shown to the agent, and unless that is shown to have been lost or destroyed, a copy was not admissible. But such error could have done no harm on the trial, as the evidence was sufficient without it, and in an equity case, where it appears to have not been a material error, the court will not, on that account, grant a new trial.

The finding of the court upon the question of fact being conclusive, I see no ground on which this judgment can be reversed.

Judgment affirmed, with costs. (a)

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham* and *Fancher*, Justices.]

(a) Affirmed by Court of Appeals.  55 *N. Y.,* 657.