THE PHŒNIX FIRE INSURANCE COMPANY, APPELLANTS,
*v.* GURNEE, RESPONDENT.

A court of chancery has jurisdiction to correct mistakes in policies of insurance, as well as in all other written instruments.
The evidence of the mistake in all cases should be clear and satisfactory.

December 2d.

THIS was an appeal from the equity court of the first circuit. The complainant applied to the clerk of the defendants, for an insurance on his grist mill in Haverstraw, and the clerk took down a memorandum of the insurance required, which was signed by the complainant and left with the defendants, in the words and figures following; " On a two story and a half frame grist mill, situate in the town of Haverstraw, on Minisicongo Creek, in Rockland county, one run of stones, 2 bolts, 1 spare runner, with privilege to use a stove in second story. Cost $1,750, insure $1,200. New York, 22d Sept. 1825.

DANIEL GURNEE."

The policy was made out and delivered to the complainant; but instead of conforming to the memorandum, the subject of the insurance was therein described thus: "On his frame mill-house, two and a half stories high, situate in the town *of Haverstraw, on Miniscongo Creek, Rockland county, privileged as a grist mill only." The mill was afterwards burned, and the defendants insist that the policy was on the mill-house only, and not on the mill or machinery. The complainant applied to them to correct the policy agreeably to the written memorandum, which they refused to do; whereupon the complainant filled his bill to correct the mistake. The cause was heard on bill and answer, and the circuit judge decreed that the policy should be corrected agreeably to the written memorandum, with costs.

*J. L. Graham* for appellants.

*J. Anthon* for respondent.

THE CHANCELLOR:—It is well settled that a court of equity has jurisdiction to correct mistakes in policies of insurance, as well as in all other written instruments. (Phil. on Ins. 14.) But the evidence of such mistake, and that both parties understood the contract in the manner in which it is sought to be reformed, should be clear and satisfactory. In policies of insurance, the label or written memorandum from which the policy was filled up, is always considered of great importance in determining the nature of the risk, and the intention of the parties. Thus, in *Motteaux* v. *The London Insurance Company*, (1 Atk. 547,) Lord Hardwicke held that a policy ought to be rectified agreeably to the label; and in the issues which he directed in that case, the label was treated as the real contract between the parties. In this case, there is a substantial difference between the policy and the written memorandum on which it was founded. The one is an insurance

upon a grist mill, and the other is only upon the mill-house, or the mere covering of the substantial parts of the mill. It is to be presumed that insurers are acquainted with the nature of the property which they undertake to insure. If so, the defendants must have known that no owner of a grist mill would ever think of insuring the mill house only, leaving all the substantial parts of the mill exposed to certain destruction, if the mill-house or covering was destroyed. [*280] The difference of the description from the *written memorandum must, therefore, have been clearly a mistake of the clerk in filling up the policy, or an intentional fraud upon the insured; and the latter is certainly not to be presumed.

Although the complainant read over the policy before he left the office, it is hardly to be presumed that a plain countryman, unacquainted with the law of insurance, would have noticed or understood the difference which was produced by the change of phraseology in the policy from the plain and intelligible language of the memorandum, which was probably taken down from the lips of the assured.

I think the decree of the circuit court was correct, and the same must be affirmed with costs.