### H. & M. C. GOUVERNEUR *vs.* TITUS, administratrix, &c.

Where the owner of the north east corner of a lot of land sold the same, but by mistake conveyed to the purchaser the north west corner of the lot, which belonged to another person ; and the purchaser afterwards sold the same land to the complainants in payment of an antecedent debt, but made the same mistake in his conveyance to them ; and upon the discovery of the mistake the grantor and grantee in the first deed joined in a deed to the complainants, for the north east corner of the lot, for the purpose of correcting the error in the former deeds ; *Held,* that the complainants were entitled to the land in equity in preference to the defendant who had purchased in the same, after notice of the mistake, under a judgment recovered against the original vendor after the giving of the first deed but before the giving of the deed in which the error was corrected.

As a court of equity will not allow the legal lien of a judgment to be enforced against a vendee who had purchased and paid for his land before the recovery of the judgment, a purchaser of the land under such judgment, who at the time of his purchase had notice of the equitable rights of the original vendee, will not be permitted to hold the land as against him or his assigns.

THIS was an appeal from a decree of the vice chancellor March 7. of the first circuit. The object of the complainants' bill was to restrain the defendant from perfecting a legal title to certain real estate in the county of Franklin. The defendant claimed under a judgment which at law overreached the legal title of the complainants to the premises in question, in consequence of a mistake in the description of the land in the first conveyance from the judgment debtor,

which conveyance was previous to the judgment, but which mistake had been corrected in a subsequent deed from him. The facts in the case, so far as they are material to a correct understanding of the rights of the parties, are as follows: On the 8th of August, 1827, Abijah Hammond, being the owner of 3109 acres of land, the premises in controversy in this cause, in the north east corner of township No. 8 in great tract No. 1 in McComb's purchase, in the county of Franklin, sold the same, together with several other parcels of land in the same county, to his son C. H. Hammond for $2000. But in the conveyance which was executed at that time the 3109 acres were by mistake described as lying in the north west corner of the township, instead of in the north east corner. Subsequent to this conveyance the defendant recovered a judgment against A. Hammond, in the supreme court, for a very large amount, which thus became a lien upon the premises before the mistake in the conveyance was discovered. Previous to that time A. Hammond had given a bond and mortgage upon 10,000 acres of wild land in the same township, to secure the payment of a debt due to the complainant for about $7000 and interest. This mortgage was afterwards foreclosed in chancery, and the premises were bid in by the complainants on the 30th of May, 1829, leaving a large portion of their debt unpaid. And on the same day, in pursuance of a previous agreement between them and Abijah Hammond and C. H. Hammond, to convey to them the premises in controversy in full satisfaction of the balance or deficiency which might be due to them on the bond given with the mortgage, Charles H. Hammond gave to them a deed that was intended to cover the 3109 acres which he then supposed had been conveyed to him by his father; but the description being copied from the deed of August, 1827, the same error occurred in the conveyance to the complainants, and was not then discovered. The defendant afterwards caused the 3109 acres to be sold upon her judgment, and bid in the same herself; at which time the mistake in the deeds had been discovered and she had notice thereof. On the 16th of December, 1829, for the purpose

of correcting the error in the previous conveyances, Abijah Hammond and C. H. Hammond joined in a new conveyance or deed of confirmation to the complainants ; in which deed the premises were correctly described. The alleged mistake in the conveyance from A. Hammond to his son C. H. Hammond, and in the deed from the latter to the complainants, was fully established by the proofs in the cause ; and the premises not having been conveyed to the defendant by the sheriff upon the sale under the execution, the vice chancellor declared the premises discharged from the lien of the judgment, and decreed a release by the defendant and a perpetual injunction against her claim under the judgment. He also decreed costs to the complainants out of the estate in the defendant's hands as administratrix. (*See* 1 *Edwards' Ch. Rep.* 477, *S. C.*) From this decree the defendant appealed to the chancellor.

*S. A. Foot,* for the appellant. The mistake in the deed from Abijah to Charles H. Hammond cannot be corrected in favor of the grantee or of the complainants, against the defendant, without full proof that it was given for a valuable consideration and without any fraudulent intent. The complainants must prove affirmatively, that the deed was given for a valuable consideration and in good faith. They have failed to produce any such evidence. The complainants are not purchasers for a valuable consideration, having taken their deed to secure or satisfy a pre-existing debt, and are not therefore entitled to the aid of this court against another creditor. Their debt is not extinguished. It still remains. The court never interferes to aid one creditor against another, to secure or procure payment of his debt. To give a deed, mortgage, note, &c. the character of having been given for a valuable consideration, the party receiving the same must have irrevocably parted with something of value on the credit of it. (*Bay* v. *Coddington*, 8 *John. Ch. Rep.* 56. 4 *Paige's Rep.* 215, 3 *Idem*, 421. 1 *Hall's Rep.* 562.) The complainants' deed was taken as payment of a pre-existing debt, not for any new considera-

1837.

Gouverneur
v.
Titus.

tion paid or given at the time ; and the pre-existing debt was not released.

*T. L. Ogden & W. H. Harrison,* for the respondents. It is clearly established by the proofs that the two conveyances from Abijah Hammond and wife and from Abijah Hammond and wife and Charles H. Hammond to the complainants, were intended to convey to the grantees 3109 acres in the north *east* corner of the township No. 8, or St. Patrick, and that the description of these lands as being situate in the north *west* corner was a mere mistake : which mistake, both conveyances having been made on a valuable consideration, ought to be rectified according to the intent of the parties. The defendant having purchased with notice of the mistake and of the complainants' rights, is, and without notice would be subject to all the equities of the complainants against the defendant in the suit at law. (*Burn* v. *Burn,* 3 *Ves.* 522. *Wiser* v. *Blackley,* 1 *John. Ch. Rep.* 607. *Rogers* v. *Rogers,* 1 *Paige's Rep.* 170. 5 *John. Ch. Rep.* 226.) The complainants, under the circumstances of the case, are entitled to a release and to a perpetual injunction, according to the prayer of the bill. A bona fide unregistered mortgage will prevail over the general lien of a subsequent judgment. The defendant ought to pay costs. In this transaction she does not act as administratrix. She has transcended her duty as such. (1 *Paige's Rep.* 280, 472. 11 *John. Rep.* 555. 1 *John. Ch. Rep.* 473, 508.)

THE CHANCELLOR. It is admitted by the counsel for the appellant that the fact of the mistake in the two original conveyances of August 1827 and May 1829 is fully established by the evidence in the case ; and as the defendant had notice of such mistake before the purchase of the premises under her execution, she acquired by that sale no greater right, as against C. H. Hammond or those who had subsequently acquired his equitable interest in the premises, than she previously had under the judgment itself. (*Eells* v. *Tousley,* 1 *Paige's Rep.* 280.) I cannot discover upon what principle the defendant claims the right to inquire into

the amount or sufficiency of the consideration of the conveyance from C. H. Hammond to the complainants, or whether that deed was given for a present consideration or in payment of an antecedent debt. By the deed of confirmation they have obtained all the legal and equitable interest both of C. H. Hammond and of his father in the land ; the legal title at that time being still in Abijah Hammond. And the erroneous conveyance to them of May, 1829, and the circumstances connected therewith, are only material to show that the deed of confirmation was intended to carry into effect a previous arrangement, and was not the mere purchase of a right in litigation. In other words, if C. H. Hammond, previous to the agreement of May, 1829, had an equitable right to a conveyance of the legal estate in the premises discharged of the lien of the defendant's judgment, the complainants, by the deed of confirmation, have acquired both the legal estate and that equitable right, and are therefore entitled to the relief claimed by their bill. But if C. H. Hammond had no such equitable right, then the payment to him of a present consideration in money, at the time of the conveyance of May 1829, could not have helped their case as the lien of the judgment had then attached, and in that case would overreach their title in equity as it now does at law.

The defendant is estopped by her covenant with Abijah Hammond and C. H. Hammond, in the release of the 10th of December, 1829, from impeaching or calling in question the consideration of the deed to C. H. Hammond of August, 1827, in any suit or action respecting the premises in controversy. And by the deed of confirmation which was executed six days afterwards the complainants became entitled to the benefit of this covenant, as the assignees of the premises or subject matter to which the covenant related. The vice chancellor is clearly right in the construction of this covenant ; as it is evident from the whole instrument, when its different parts are taken together, that it was intended to provide for the very case now under consideration. The facts in relation to the mistake were then all fully known. C. H. Hammond agreed to release to the de-

fendant all his interest in the lands conveyed to him by his father, for the purpose of relieving him from the judgment ; leaving the defendant to enforce the lien of the judgment against this 3109 acres which had not actually been conveyed by the deed, provided she had the equitable right to do so under the circumstances of the case. But as he had released all his right to the other lands to the defendant, he did not intend to permit her to question the bona fides of the transaction with his father in relation to that conveyance, either in a litigation with himself or with those to whom he had agreed to convey this 3109 acres. If such was not the intention of the parties it is impossible for me to conceive for what object this covenant was inserted in the release. The question which the parties intended to leave for future litigation unquestionably was, whether the equitable right to have a conveyance of the land intended to be embraced in the deed but left out by mistake, should be allowed to prevail as against the legal lien of a subsequent judgment against the grantor. That question had been decided in this court a short time previous, though the decision was probably not known to these parties at that time, as the first volume of Paige's Reports had not then been published.

As the law upon which the rights of these parties depend is now considered as settled by numerous decisions both in this state and elsewhere, there is no ground for disturbing the decision of the vice chancellor. And as this litigation has been carried on by the defendant for the benefit of the estate which she represents, I cannot say it was an improper exercise of the discretion of the vice chancellor upon the question of costs, to charge the costs of the suit upon that estate. The decree of the vice chancellor is therefore affirmed with costs.