Weed *v.* Schenectady Insurance Co.

---

JAMES A. WEED, Respondent, *v.* THE SCHENECTADY INSU-
RANCE COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1872.)

A policy of insurance provided that an application or survey, if referred to therein, should be considered part of the agreement and a warranty. The insured sued for the insurance, after loss had occurred, and asked to have the policy conformed in a single particular to the application, which was not so referred to, and the agreement of which it was the basis, on showing mistake, &c., in that particular. *Held*, that the application was not to be regarded as embodied in the policy, further than necessary to correct the mistake, &c.

To avail himself of a defence that the application and survey were part of the policy and a warranty, the defendant must set up the defence in his answer. It is not enough that the application is proved on the trial.

THIS was an appeal by the defendant from a judgment in favor of the plaintiff upon trial at Special Term. The facts are stated in the opinion of MILLER, P. J.

*J. S. Landon,* for the appellant and defendant.

*L. Seymour,* for the respondent and plaintiff.

MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   This was an action upon a policy of insurance to recover the amount insured, $1,500, and to reform the policy so as to strike out a clause vitiating the same in case the mill was run at night, and make it correspond with the answer to one of the interrogatories in the plaintiff's application, which stated that the mill was to run day and night except Sundays.   The defences set up by the defendant were, 1st. Non-insurance.   2d. Arson by the plaintiff.   3d. Loss of the mill while running in the night-time. 4th. Failing to furnish the requisite proofs.

The cause was tried before the Hon. William Murray, one of the justices of this court, at a Special Term held in Broome county on the 18th of July, 1871, without a jury.   It appeared upon the trial, among other things, that the policy issued upon the application contained a clause which the judge found was inadvertently and by mistake inserted contrary to the plaintiff's agreement with the agent (which was that the mill was to run night and day), to the effect that if the mill ran at night without special agreement indorsed upon the policy the same should be void.   This clause was unknown to the plaintiff at the time of the insurance, and for a long time thereafter.   It also appeared that to one of the interrogations, " what material is used for lighting the mill ? " the answer was, " kerosene lamps hung securely and filled by daylight only."   And the proof showed that when the fire was discovered there was a tin hand kerosene lamp burning, standing upon the cap of the engine in the mill, and that such lamps were used in the mill.

It further appeared that the plaintiff stated a less amount of insurance upon the mill than there actually was, in answer to an interrogatory on that subject.   The cause was submitted upon briefs and points by the respective counsel, and the defendant's counsel moved to dismiss the complaint, in his points furnished, upon the ground, among others, that the representations made as to the lights and the amount of insurance were broken.   The justice decided that the plaintiff was entitled to a judgment reforming the policy as

demanded, and that the points made as to the amount of insurance and the lights were not well taken, because no such objection to the policy or defence to the action is pointed out or alleged in the answer, and found in favor of the plaintiff for the amount of the policy, interest and costs.

I think that the judge was right in holding that the objections made by the defendant's counsel to a recovery were not well taken, and in finding that the plaintiff was entitled to recover.

The policy provides that if an application or survey is referred to therein, that it shall be considered a part of the contract, and a warranty by the assured. The application and survey are not referred to in this policy; and although the complaint alleges that the agreement for an insurance was founded upon the application, with a view of obtaining a reformation of the contract as to the time when the mill was to run, I am inclined to think that this allegation does not necessarily make the application a part of the policy as to other matters.

But even if the question is now presented, and the defendant is in a position to claim that the representations made in the application constituted a warranty, the breach of which would avoid the policy, I am at loss to see how the defendant can avail himself of this position, inasmuch as no such defences were interposed in the answer, and no such point was raised upon the trial so as to enable the plaintiff to meet it. If the defendant had intended to claim that there were any such defences in the case, he should have moved the court for permission to amend his answer so as to set them up, and give the plaintiff an opportunity to meet the questions which would then have arisen. Perhaps these defences had been waived by the defendant, or the plaintiff had some other perfect answer to them. This could only have been ascertained upon a motion to amend; and as the defendant failed to call the attention of the court to the subject by such a motion, or in any other manner upon the trial, he has no grounds for complaint at the decision of the judge.

Weed *v.* Schenectady Insurance Co.

The plaintiff had a right to know if any such questions were to be litigated; and the case having been tried upon entirely a different theory, and without notice to the plaintiff that any such defences were claimed to exist, it would be an entire surprise upon him if they were now allowed to prevail. This should not be sanctioned, as it would give the defendant an advantage from his own omission and neglect.

This is not a case where the court is authorized to disregard the entire omission to interpose the defences alleged, as a mere error or defect in pleading, which does not affect the substantial rights of the adverse party. (Code, § 176.) Nor does it come within any provision of the Code authorizing amendments, or a disregard of a variance between the pleadings and the proof. Under the circumstances presented, the court is not authorized to consider the answer as amended so as to conform the pleadings to the proof.

The judgment must be affirmed, with costs.

PARKER, J. I concur, upon the ground that the survey and application does not form any part of the policy, and that the representations therein are not warranties. If, in fact, they were warranties, I should be inclined to hold that, having been proved on the trial, without objection, and thus forming part of the case furnished to us, we might disregard the defect in the pleadings, and give effect to the proof.

POTTER, J., dissented.