By the Court.*—Macomber, J.
The action is to reform two policies of insurance. The defendant, the Union Mutual Life Ins. Co., in May, 1875, issued to the plaintiff two policies of insurance in their company upon his own life, for the sums respectively of $10,000 and $5,000. The policies in, and by their terms, run : “ for the sole and separate use and benefit of his wife, Lina Goldsmith ; but in case of her previous death, to revert to the insured.” The *327 prayer of the complaint is that the policies be reformed by inserting a provision to the effect t( that in case the said Lina Goldsmith should cease to be the wife of the plaintiff during his lifetime, and the marriage between her and the plaintiff should be dissolved by reason of her adultery, then in sneh case the benefit of the policies should revert to the said plaintiff.”
The plaintiff, in his complaint, claims that it was not his intention in taking out these policies to contract with the defendant company that any loss which might occur thereon should be paid to the said Lina Manly, unless she should be his wife at the time of his death, but that through a mutual mistake and inadvertence on his part, and on the part of the company, their intention in that respect was not fully expressed in the instruments themselves.
The defendant, Lina Manly, was, by judgment of this court, divorced from her husband upon the ground of her adultery. The policies are non forfeiting, so called, after certain payments, and hence are of some considerable value, and if the premiums are maintained, are likely to become more valuable.
The learned judge at the special term, holding very properly that reformation of a contract on the ground of a mistake can be had only where the mistake is mutual on the part of both parties, seems to base his decision upon the supposed omission of any testimony to show that there was any mutual mistake between the insured and the insurance company. He says that the evidence adduced upon the trial does not show that the assured disclosed to the agent of the company, at the time he made his application for the policies, the intention which lie now alleges was in his mind. By reference, however, to the case, it is seen that the plaintiff testified that lie gave general directions to the agent in regal’d to the terms of the policies, but that the language itself was formulated by the agent, or some other officer of the company. He then says, in answer to a question, “ my intention was that if, at the time of my death *328 she should he my wife, that she should have that insurance the person here mentioned as his wife being Lina - Manly, who was then Lina Goldsmith.
He further says that no intention on the part of the company to make the policy different from that was expressed by any officer or agent to him. He says that he was simply asked what provision he wanted in the policy in that regard, and after hearing this statement, the provision, as it now appears in the policies, was in fact prepared and inserted, and that he himself never knew the particular phraseology as it exists in the policies, until shortly before bringing this action for the reformation of these instruments. The applications for the policies, which were put in evidence by the defendant’s counsel, do not throw any light upon this question.
We think the court should have determined, as a matter of fact, upon the evidence of the plaintiff, which was not disputed, that, under all the circumstances, the policies did not express his intention, and that his evidence was sufficient to enable the court to grant the relief demanded in the complaint.
The language itself used in the policies goes far to show that the plaintiff not only had in his mind in giving instructions to the agent that he desired to make provision for his wife only, but that the agent understood therefrojn that the provision desired in respect to the person to whom they should be paid was specially designed for his wife; for the agent’s language, as shown in the policies, is u for the sole and separate use and benefit of his wife, Lina Goldsmith ; but.in case of her previous death, to revert to the insured.” The formal language stated in the complaint, to which the plaintiff desires these expressions to be changed, does not seem to be necessary to cover the case, and to secure the plaintiff in his rights. The reformation would be sufficient, and would have been sufficient to meet the testimony of the plaintiff if it read, “ for the sole and separate .use and benefit of his wife, Lina Goldsmith, so long as *329 she remained his wife.” And this is really but another way of expressing the words that were put in the policy itself.
Neither the insured nor the company, nor any of its officers, could have believed that the policies taken out were to be defeated in the contingency of the wife’s committing adultery, or if they had, no person would be inclined either to ask that it be put in those plain words, or advise that it should be so put. On the whole, we think that there was a design, as shown by the evidence on the part of both the company and of the plaintiff, to continue the benefit of the insurance to the wife of the insured upon the life of the plaintiff, only so long as she should remain his wife, and that from an unhappy choice in the language on the part of the agent, such intention was not adequately or perfectly expressed in the policies; and that, therefore, they should be reformed so as to conform to the intention of both part’es.
The findings, which were doubtless made by the learned judge at special term, do not appear in the printed case, and hence we are unable to cay whether the facts which lie found to exist would support a judgment in favor of the plaintiff or not; nor are we able, by reason of the same omission in the appeal papers, to say now that we reverse upon a question of fact; but the order, however, to be entered, may be submitted to the justice writing the opinion in the case, upon the production of the findings as signed by the trial judge.

 Daniels and Brady, JJ., concurring.