JEROME J. GALLUP, Appellant, *v.* JACOB BERND, Respondent,

In an action, commenced in 1887, to recover an alleged balance unpaid of the purchase-price of a farm sold and conveyed in 1880, by plaintiff, to defendant, defendant set up as a counter-claim, and the referee found in substance that the sale was by the acre, that plaintiff represented that there were 230 acres in the farm, and relying thereon he agreed to pay for that number, that shortly before the commencement of the action he discovered that there were only about 211 acres. The referee found that the agreement was the result of a mutual mistake. Defendant demanded a reformation of the contract and an allowance for the deficiency. *Held,* that defendant was entitled to the relief sought.

Plaintiff in reply to the counter-claim pleaded the Statute of Limitations. *Held*, untenable; that the contract having been executed, defendant had no relief except in equity, and that the ten years limitation applied.

Also *held*, that the correction of the mistake sought for could be made as well upon answer, as in a suit brought directly for that purpose.

(Argued March 21, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This was an action to recover the balance remaining unpaid of the purchase-price of a farm sold by plaintiff to defendant.

The facts, so far as material, are stated in the prevailing opinion.

*E. A. Washburn* for appellant. The allegation in the answer is one of active fraud against the plaintiff and of ignorance on the part of the defendant. If, therefore, the recovery was had on the ground of mutual mistake it cannot be sustained, as where a complaint is for fraud the action cannot be maintained on the ground of mutual mistake. (*McMichael* v. *Kilmer*, 76 N. Y. 36, 40; *Fisher* v. *Rankin*, 27 N. Y. S. R. 582.) As to the $10\frac{34}{100}$ acres of land known as the Bidwell land designated as No. 2 on the map annexed to the case, the six year statute of limitation has barred the defendant's right to recover. (*Miller* v. *Wood*, 41 Hun, 600; 116 N. Y. 351.) The referee erred in the basis adopted by him as the rule of damages in this action. (*Hill* v. *Buckley*, 17 Ves. 395; *Paine* v. *Upton*, 87 N. Y. 332; Pom. on Spec. Perf. § 439; 1 Story's Eq. Juris. § 779; *Rankin* v. *Atherton*, 3 Paige, 145.)

*Myron H. Peck* for respondent. A complete cause of action in favor of the defendant on account of the breach of warranty contained in the plaintiff's deed and the defendant's damages arising therefrom was proved on said trial. (Code Civ. Pro. § 381; *F. Co.* v. *Hersee*, 103 N. Y. 25; *Waring* v. *Somborne*, 2 id. 604.) If it had been deemed necessary the

contract between the parties to this action could have been reformed because of the mistake of the parties as to the quantity of land, so as to express the true intent and meaning as to the consideration to be paid, and a claim for relief on the ground of mistake is not barred until ten years after the cause of action accrues. (Code Civ. Pro. § 388; *Salisbury* v. *Morss*, 7 Lans. 359; 55 N. Y. 675; *Oakes* v. *Howell*, 27 How. Pr. 145.) A cause of action to procure a judgment, other than for a sum of money, on the ground of fraud, which, etc., was cognizable by the Court of Chancery, shall not be deemed to have accrued until the discovery of the facts constituting the fraud. (*Curr* v. *Thompson*, 87 N. Y. 160; *Bosley* v. *N. M. Co.*, 123 id. 550.) So long as the plaintiff could legally demand payment of the balance due upon the purchase of his farm, just so long could the defendant be heard in his defense that by reason of mistake, or fraud upon the part of the plaintiff, in the agreement originally made between the parties, and out of which springs the rights of the plaintiff, there is not the amount claimed due and owing to the plaintiff. (Code Civ. Pro. § 397; *Herbert* v. *Herbert*, 33 Hun, 461; *Ord* v. *Ruspini*, 2 Esp. 569; *Hunt* v. *Spaulding*, 18 Pick. 521; *Muders* v. *Lawrence*, 49 Hun, 360; *Wood* on Lim. 602; *Schoener* v. *Lissauer*, 107 N. Y. 111, 117.) It is only necessary to entitle the defendant to the benefit of his right of set-off that his claim must in some way tend to diminish or defeat the plaintiff's recovery, and must be a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (Code Civ. Pro. § 501; *Harlock* v. *Le Baron*, 1 Daly, 168; *G. & H. M. Co.* v. *Hall*, 61 N. Y. 226; *Elwell* v. *Skidd*, 77 id. 282; *Grange* v. *Gilbert*, 44 Hun, 9; 58 id. 372; *Thompson* v. *Sanders*, 118 N. Y. 252; *Richards* v. *Tourette*, 119 id. 54; *Sampson* v. *Freedman*, 102 id. 699; *Waring* v. *Sonborn*, 82 id. 604; *Avery* v. *Brown*, 31 Conn. 398; *Disbrow* v. *Harris*, 122 N. Y. 362.) The position of the plaintiff at the Circuit that the defendant, having taken possession of the land conveyed to him, and being still in possession, cannot avail

himself of the fraud of the plaintiff in the sale is untenable. (*Lamerson* v. *Marvin*, 9 Barb. 9; *Wright* v. *Delafield*, 23 id. 498; *Lewis* v. *McMillen*, 41 id. 420; *Whitney* v. *Lewis*, 21 Wend. 131; *Krumm* v. *Beach*, 96 N. Y. 398, 407.) A vendor of real estate is guilty of a fraud if, knowing that he has no title to a portion of the lands sold, he willfully suppresses that fact from the purchaser. (*Clark* v. *Baird*, 9 N. Y. 183; *Thomas* v. *Beebe*, 25 id. 244; *Stokes* v. *Johnson*, 57 id. 673; *Beardsley* v. *Dunthy*, 69 id. 577.) The general jurisdiction of a court of equity to set aside or reform a contract on the ground of mistake includes executed as well as executory contracts. (*Paine* v. *Upton*, 87 N. Y. 327; *Belknap* v. *Seeley*, 14 id. 143.) The defendant may recoup against the claim of the plaintiff the damages which he sustained by reason of the failure of the title of the premises conveyed to him by the plaintiff. (*Hunt* v. *Chapman*, 51 N. Y. 555; *Isham* v. *Davidson*, 52 id. 237; *Waring* v. *Somborn*, 82 id. 604; *Whitney* v. *Allaire*, 4 Den. 554; 1 N. Y. 305; 96 id. 398.) There was sufficient eviction of the defendant from the two pieces which plaintiff conveyed to defendant, and included in the land described in the deed to make the 230 acres, and which plaintiff did not own at the time of the conveyance to make him liable on his covenant of warranty of quiet and peaceable possession to the defendant of the lands thus conveyed. (*Shattuck* v. *Lamb*, 65 N. Y. 499; *Schriver* v. *Smith*, 100 id. 471.) A court of equity will afford relief in a proper case whether it be upon the ground of mistake or fraud, or a combination of both. (*Crowe* v. *Lewin*, 95 N. Y. 423; *Waring* v. *Somborn*, 82 id. 604; *Bloodgood* v. *Sears*, 64 Barb. 71; *Sheffield* v. *Hamlin*, 26 Hun, 237.) In this case the defendant had a right to insist that there was a failure of consideration to the extent of the value of the property not received by him under the deed, and thereby diminish the claim of the plaintiff in this case. (6 Wait's Act. & Def. 582; *Sawyer* v. *Chambers*, 44 Barb. 42; *McAllister* v. *Reap*, 4 Wend. 485; *Patterson* v. *Hulings*, 10 Penn. St. 506; *Blessing* v. *Miller*, 102 id. 45.)

PARKER, J. The defendant purchased from plaintiff a farm, part of the consideration being secured by a bond and mortgage.

Subsequently the bond and mortgage was satisfied, the defendant paying amount due less $1,364.98. He had agreed to pay all but $800, and to give his note for that amount.

But the money with which the payment on the bond and mortgage was made, was borrowed from a savings bank, and the investigation instituted by that institution for the purpose of ascertaining the · character of the title tendered and the value of the property, led to a survey which disclosed that defendant, instead of having granted to him over two hundred and thirty acres, was the grantee of only two hundred and eleven and three-one-hundredths acres. Defendant then demanded from his grantor an appropriate allowance because of the lessened acreage.

The demand was refused; defendant declined to pay the $1,364.98, or any part of it; plaintiff commenced this action to recover such sum; defendant, in his answer, alleged misrepresentation on the part of the vendor as to the number of acres; his reliance thereon, and demanded among other relief, a reformation of the agreement, so that the consideration expressed should conform to the amount actually due, and a dismissal of the complaint.

On the trial, the referee found that the sale was by the acre; the representation complained of made; reliance placed thereon by the defendant; his failure to discover the truth until shortly before the commencement of this action, and that defendant is entitled to an abatement from the expressed purchase-price, in an amount equal to the sum which the plaintiff claimed to recover, and directed a dismissal of the complaint. The facts found, and which come to us approved by the General Term, except in so far as they may be said to involve a consideration of the Statute of Limitations, are in all essential respects like those in *Paine* v. *Upton* (87 N. Y. 327), and, therefore, need not be discussed.

In his reply to the counter-claim set up in defendant's answer, the plaintiff pleaded the Statute of Limitations.

It appears that the deed was executed and delivered January 5, 1880; plaintiff's discovery of the error in acreage occurred later than March 1, 1887, and this action was commenced about June 17, 1887.

On the first trial, judgment was directed in favor of the plaintiff, and in stating the reasons for reversing the judgment, the General Term assumed the six year limitation to be applicable, but treated the suit as one in equity to recover a judgment other than for a sum of money on the ground of fraud, and, therefore, held that the statute did not commence to run until the discovery of the fraud.

But the findings of the referee on the retrial, which are now before us, as we understand them, do not charge fraud on the part of the plaintiff, but rather that while the representations complained of were made to the defendant by the plaintiff, they were mistakenly made, and that the agreement which ripened into a conveyance by which the plaintiff undertook to convey, and the defendant agreed to pay for a greater number of acres than was in fact conveyed, resulted from a mutual mistake of fact. In *Paine's* case, as here, the deed had been executed and delivered, and a bond and mortgage given for a portion of the purchase-price before the mistake in the acreage recited in the deed was discovered by the grantee, and the court, in a carefully considered opinion delivered by ANDREWS, Ch. J., held that the general jurisdiction of a court of equity to reform written instruments is not limited to executory contracts; that the power should be exercised with great caution when invoked on the ground of mistake. But such considerations address themselves to the chancellor in the exercise of the jurisdiction, and ought not to prevent the interference of equity when the proper occasion for interference arises.

The relief afforded in that case was by way of abatement of the consideration expressed, which was deducted from the sum secured by the bond and mortgage given for the purchase-price,

In the case before us, the court has decreed an abatement equal to the balance of the purchase-price remaining unpaid. Now, it is clear that the defendant had no remedy at law. The contract was executed; was not procured through fraud, and in law the parties were bound by it. Equity having a broader jurisdiction, could open the written contract even after it became executed, to let in an equity and correct an error resulting from mistake.

Such correction could be made as well upon an equitable defense set up in an answer as in suit brought directly for that purpose. (*Hook* v. *Craighead*, 32 Mo. 405.)

As this is a case in which before the Code equity had exclusive jurisdiction, the ten year limitation applies. (*Butler* v. *Johnson*, 111 N. Y. 204.)

The judgment should be affirmed.

FOLLETT, Ch. J. (dissenting). It ˙is alleged in the answer that: "The plaintiff *falsely* stated and represented to the defendant that said lands contained in the aggregate 230 acres of land, and that the same would, if properly surveyed and measured, exceed that amount." Also that the defendant relied on the representation and was induced thereby to purchase the farm, take the deed and execute and deliver to the plaintiff the bond and mortgage to secure $11,700. The referee found that the representation was made and that the defendant relied upon it, but he refused to find that it was fraudulently made. The finding is in this language: "I further find that by the mutual mistake *or* false representation of the plaintiff and without *laches* on his part, he (defendant), paid and agreed to pay the plaintiff for $18\frac{97}{100}$ acres of land, which were not conveyed to him by the plaintiff." As a conclusion of law the referee decided: "I find that by reason of the mistake made in the quantity of land sold and conveyed by the plaintiff to the defendant there is nothing due from the defendant to the plaintiff." Assuming that the word "falsely" in the answer is used as a synonym for fraudulently, and that the word "false" in the decision is used in

that sense, there is no finding that the plaintiff fraudulently misrepresented the quantity of land contained in his farm.

When a complaint alleges fraud, and only that, a judgment for the plaintiff on the ground of mistake cannot be sustained. (*McMichael* v. *Kilmer,* 76 N. Y. 36; *Dudley* v. *Scranton,* 57 id. 424.) The answer contains no allegation that the original contract of purchase and sale, the deed and mortgage executed pursuant to it, or the oral agreement of April 21, 1887, sued on, were, or that either was, entered into under a mutual mistake of fact. The answer asks for a reformation of the oral agreement of April 21, 1887, to pay $1,364.98, but it is not alleged that it was entered into under a mutual mistake of any fact, nor does the referee find that this agreement was entered into under a mutual mistake of fact. The defendant must prevail according to the case made by his answer or not at all. (*Wright* v. *Delafield,* 25 N. Y. 266; *Day* v. *Town of New Lots,* 107 id. 148; Abb. T. Brief Pldgs. § 1027.) I am unable to see that any equitable defense is interposed in the answer or established by the decision of the referee. A legal cause of action for the recovery of money only is stated in the complaint, and a legal counter-claim is stated in the answer which, unfortunately, is barred by the Statute of Limitations. (Code C. P. § 397.) I regret that I cannot see my way clear to concur in the equitable result reached by the prevailing opinion.

I think the judgment should be reversed and a new trial granted.

All concur with PARKER, J., except FOLLETT, Ch. J., dissenting, and HAIGHT, J., not voting.

Judgment affirmed.