Let findings be prepared.

---

### GILROY v. STRAUSS BUILDING & REALTY CO.

(Supreme Court, Special Term, New York County. December. 31, 1915.)

1. REFORMATION OF INSTRUMENTS ⊂⇒19—MISTAKE.

Where a written lease did not actually express the agreement made by the parties, plaintiff need not prove a mutual mistake to obtain reformation; but it is sufficient to show that he signed through mistake, and that the lease did not express the actual agreement.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. ⊂⇒19.]

2. REFORMATION OF INSTRUMENTS ⊂⇒45—ACTIONS—EVIDENCE—SUFFICIENCY.

In a suit to reform a written lease, on the ground that it did not express the intent of the parties, evidence *held* to show that the term was fixed at three years, instead of one year, as agreed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 157–193; Dec. Dig. ⊂⇒45.]

3. REFORMATION OF INSTRUMENTS ⊂⇒25—ACTIONS—DEFENSES.

The negligence of one who signs a written instrument will not preclude reformation on the ground that through mistake it did not express the intention of the parties.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 84–90; Dec. Dig. ⊂⇒25.]

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. REFORMATION OF INSTRUMENTS 🔑32—ACTIONS—DEFENSES—LACHES.

Where plaintiff brought an action to reform a lease, on the ground that, it did not express the agreement of the parties, shortly after defendant began to assert rights under the lease as written, plaintiff was not guilty of laches, barring relief.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 119–121; Dec. Dig. 🔑32.]

Action by one Gilroy against the Strauss Building & Realty Company. Judgment for plaintiff.

Loring M. Black, Jr., of New York City, for plaintiff.
Joseph I. Green, of New York City, for defendant.

COHALAN, J. Action to reform a lease. The term expressed in the lease runs from the 1st day of October, 1914, to the 1st day of October, 1917. The plaintiff asserts that the lease should express a term of one year from the 1st day of October, 1914, to the 1st day of October, 1915. There is no claim of fraud in the pleadings or in the proof; the action is based on the equitable ground of mistake. The essential allegation of the complaint reads:

"Eleventh. That by inadvertence the term therein stated and expressed as three years, commencing October 1, 1914, and ending September 30, 1917, was not altered or changed before plaintiff signed the same, so as to state and express the true agreement with reference to said term between the parties hereto, to wit, one year, commencing October 1, 1914, and ending September 30, 1915."

[1, 2] It is admitted that the defendant sent to the plaintiff a renewal lease for three years, and that the lease was executed by the plaintiff. The issue between the parties arises: (1) As to whether or not there was an oral agreement to lease for one year; and (2) that, when the return agreement was executed, whether or not there was a mistake on the part of the defendant as well as on the part of the plaintiff with respect to the term intended to be expressed therein. The plaintiff had been a tenant of the defendant for about eight years, and for the term from October 1, 1911, to October 1, 1914, he occupied the apartment under a written three-year lease. It is contended on the part of the plaintiff that the action was not brought to reform the actual agreement between the parties, but merely the writing which purports to set forth the agreement, so that the writing shall actually express the agreement made by the parties to the action. Pitcher v. Hennessey, 48 N. Y. 415; Born v. Schrenkeisen, 110 N. Y. 55, 17 N. E. 339; MacDonald v. Crissey, 215 N. Y. 609, 109 N. E. 609. These cases hold that in an action to reform a writing, and not an agreement, the plaintiff need not allege or prove a mutual mistake; that it is sufficient if the plaintiff shows that the writings sought to be reformed do not accurately express the agreement which the parties had actually made.

An examination of the evidence shows the following state of facts: That prior to the expiration of the lease under which the plaintiff was holding as a tenant the plaintiff and the officers of the defendant, Messrs. Strauss, met in the latter part of June, 1914; that the plain-

tiff said that he did not want to take the apartment for an additional term of three years, but finally, on condition that certain repairs should be made, he consented to take it for one year; that he then asked the Messrs. Strauss to send him a proposed lease embodying the agreement which had thus been made; and that they replied that he should use the leases which had been forwarded to him in April, 1914. It is undisputed that such a meeting occurred, and that the subject of discussion was a lease to terminate in one year. The plaintiff thereafter signed the leases in his possession, and he states that he did so without reading them. However, he wrote the defendant as follows:

"I have signed and handed to my brother for delivery to you a new lease upon the premises occupied by me at Central Park West *for one year* from October 1st next."

To this letter the defendant replied on July 13, 1914, agreeing in detail to the requirements set forth in the plaintiff's letter of July 10, 1914. Therein is this significant statement:

"In view of the above facts, will you please sign the lease and return to me?"

In response thereto the plaintiff sent the leases to the defendant, inclosed with a letter, dated July 14, 1914, which reads in part as follows:

"I have your favor of July 13th in answer to mine of the 10th. *In accordance with the suggestion contained in your letter*, I send you herewith two copies, duly executed by me, of the lease of the apartment now occupied by me at No. 71 Central Park West, being renewal of my present tenancy for a period *of one year from October 1st next*, at an express consideration of $2,800 per annum, payable in monthly installments."

The defendant on July 15, 1914, acknowledged the receipt of this letter and the leases returning one of them to the plaintiff. These documents in evidence seem to substantiate the plaintiff's testimony, and to negative the claim of the defendant that it did not know that the plaintiff had written two letters wherein was recited the term of one year. It had been informed by the plaintiff's letter of July 10th that he had signed a lease for one year, and that he required a number of repairs to be made before the execution of the instrument. With that letter at hand the defendant wrote the plaintiff on July 12th and agreed to make the necessary repairs. I am forced to the conclusion, therefore, that the agreement between the parties was a leasing for one year. It is true that Morris Strauss testified that he paid no attention to that part of the plaintiff's letter of July 10th which referred to the term of the lease. Yet in the defendant's letter of July 13th, which Mr. Strauss signed, he answered the plaintiff's letter of July 10th almost in identical language, thus indicating that he must have read the plaintiff's letter at least with some care.

There is another significant feature which seems to support the plaintiff's contention: When the plaintiff was about to remove from the defendant's apartment Mr. Morris Strauss wrote on April 15, 1915, to the Horatio Realty Company that the plaintiff was "a very desirable tenant." This statement is not consistent with the declaration made on the trial that the plaintiff was seeking to avoid the payment of rent in the defendant's apartment, at $2,800 a year, for a term not to expire for two years. It is not unlikely that either party to the

suit read the instrument at the time it was signed and delivered; that they considered that it was to run for one year; that the defendant carelessly filed the lease without reading it, as the plaintiff admits that he thoughtlessly filed his copy, and that they both did not discover their mistake until April 23, 1915, when the leases were extracted from their respective files; that the officers of the defendant considered the term to be one year is obvious; otherwise, they would not have written to the Horatio Realty Company that the plaintiff was a desirable tenant.

There is further confirmation in the case of the plaintiff's contention, as shown by the interview which occurred in the apartment in the early part of April, 1915. The plaintiff testified that the Messrs. Strauss offered to make a new lease with him for another year upon any reasonable terms; that after the plaintiff had refused this offer they requested of him permission to show the apartment to prospective tenants. The plaintiff is corroborated in this testimony by his wife. While the Messrs. Strauss testified that at that interview they informed the plaintiff that he had a three-year lease, yet they subsequently wrote him, on the 23d day of April, in which letter these words are used:

*"In going over our leases* we find that the last lease which you entered into with us is dated the 22d of April, 1914, and is for a term of three years, beginning October 1, 1914, and ending September 30, 1917."

This letter seems to support the plaintiff's version of the interview, because it was not written until about two weeks thereafter. I am satisfied, from all the evidence in the case, that the plaintiff has sustained the burden of proof, and has made out a cause of action. His own testimony, supported by that of his wife and by the documents in evidence, convinces me that there was an oral agreement to lease for one year, and that both parties to the action were guilty of gross negligence in a plain business proposition.

[3] The established law in this state is that the negligence of the party who seeks the reformation of an instrument, whether in failing to read the instrument before he signed it or in failing thereafter to note the error for a long period of time, is no bar to a suit for the reformation of the instrument. Albany City Savings Institution v. Burdick, 87 N. Y. 40; Smith v. Smith, 134 N. Y. 62, 31 N. E. 258, 30 Am. St. Rep. 617; Wilcox v. Am. Telephone & Telegraph Co., 176 N. Y. 117, 68 N. E. 153, 98 Am. St. Rep. 650.

[4] Nor may the doctrine of laches be invoked to defeat the plaintiff's cause of action. Ullman v. Equitable Life Ins. Co., 161 App. Div. 708, 146 N. Y. Supp. 696; Bidwell v. Astor Mutual Ins. Co., 16 N. Y. 263. It is my view that the plaintiff is entitled to a judgment reforming the lease so that it may read for a term of one year.

Decision and judgment may be settled on notice.